W. C. NELSON v. ATLANTIC COAST LINE RAILROAD COMPANY
RELIEF DEPARTMENT.

(Filed 11 March, 1908).

**Contracts—Principal and Agent—Suit—Real Party in Interest—Appeal and Error—Jurisdiction.**

It is necessary for plaintiff, to sustain an action upon contract, to bring a potential, actually existent defendant into court by process; and when it is admitted that the suit was against and that the summons was served upon the relief department, unincorporated and a mere agency of the railroad company, and the railroad company itself was not served or sued, the action will be dismissed in the Supreme Court (Rule 27) for defect of jurisdiction, *ex mero motu*.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at November Term, 1907, of the Superior Court of PITT County.

The facts are sufficiently stated in the opinion of the Court.

*J. L. Fleming* for plaintiff.
*Skinner & Whedbee* for defendant.

CLARK, C. J.   The defendant named in the summons is "The Atlantic Coast Line Railroad Company Relief Department."   The process is returned as served on "Dr. G. G. Thomas, Superintendent of the Atlantic Coast Line Relief Department."   The complaint alleges a contract with said "relief department" and a breach thereof.   The action is not against the railroad company, nor has the summons been served on that company, nor has it appeared in this action.

It is admitted here by counsel of both parties that said "Atlantic Coast Line Relief Department" has not been incorporated.   It is neither a natural nor an artificial being.   It appears fully in the documentary evidence filed as exhibits in the pleadings, *i. e.,* the alleged contract of insurance and the rules of said "relief department," that it is neither incorporated nor is it a separate entity, but that it is in fact a bureau or department of the Atlantic Coast Line Railroad Company.   If the contract is valid, the liability is that of

said railroad company, and the summons must be served on an officer of that company. Even if the relief department could be treated as a natural person, acting as an agency for the railroad company, the agency was fully disclosed at the time of the alleged contract, and the action should be brought against the principal, the railroad company.

Even a State department, like the Insane Asylum (*Bain v. State,* 86 N. C., 49), or the Board of Education (*County Board v. State Board,* 106 N. C., 81), or the State Prison (*Moody v. State Prison,* 128 N. C., 13), is so essentially a part of the State, notwithstanding these departments are created by statute, that they have no power to sue and have immunity from liability to suit, except when the statute creating them expressly grants permission that they may "sue and be sued." For a stronger reason this "relief department," which is not created a corporation under any general or special legislative authority, is a mere "agency" of the Atlantic Coast Line Railroad Company, and no liability can be adjudged upon any alleged contract except by action against the natural person making the contract, or against the railroad company as the principal of which the "relief department" is a mere agency.

The "relief department" is not a natural person. It is not a corporate body. It has no legal entity. It is, in the eye of the law, an "airy nothing." It has no power to contract. Any contract made in its name would be the contract of the individual assuming to act for it or the contract of the railroad company whose "agency" it was. A judgment against the "relief department" would have nothing to act on. The Sheriff could find no one upon whom to levy his execution. It would glide from his grasp as the shade of Creusa eluding the embrace of Eneas.

"Tenuesque recessit in auras.
Ter frustra comprensa manus effugit imago
Par levibus ventis volucrique simillima somno."

*Virg. En. II, v. 791 et seq.*

Under Rule 27 of this Court, if there is a defect of juris-diction, the court should dismiss the action *ex mero motu.* Here there is such defect, both because it appears that the alleged contractor had no legal power to make a contract and because no defendant has been brought into court.   Certainly the position of plaintiff is no better than if the summons had been served on an infant in an action on a contract, and the motion which was made at the close of the evidence for non-suit should have been granted.

It is true, as in *Stanly v. Railroad,* 89 N. C., 331, that where, in an action against a corporation, there is an omission to allege the incorporation, this is immaterial if it is in fact a corporation, and, if an issue on that point is desired, it should be raised by a denial in the answer.   But here it is both ad-mitted and appears that there is no corporation.   In *State v. Shaw,* 92 N. C., 768, it was held that, on an indictment for forgery, where an intent to defraud a corporation was charged, the indictment need not charge the incorporation; and the same was held in *State v. Grant,* 104 N. C., 910, where the ownership of goods alleged to have been stolen was laid in a corporation.   The reason given was that the fact of incorpora-tion was "not a material part of the offense charged and is only required to identify the transaction," and hence it was necessary neither to charge nor to prove incorporation, it being sufficient to show that by reputation such was the name of the owner of the stolen goods or of the body intended to be defrauded by the forgery.   There are also cases where per-sons dealing as a firm are estopped to deny the partnership.

But here it is essential to an action on the alleged policy of insurance that there should be a natural or corporate body as contractor, and that there should be a potential, actually exist-ent defendant brought into court.   If, as already said, the contractor pretended to be a corporation untruly, the action should be against the individuals or the principal.   While it is not essential to allege incorporation if there is in fact a cor-

poration, here it appears affirmatively, by the admission of both counsel, by the exhibits in the pleadings and by the evidence, that there is no such legal entity as that named as defendant in the summons and in the complaint. The Court will not pass upon the validity of the contract, nor its construction, when it appears that there is no defendant before it. In both appeals,

Action Dismissed.