GENE ROLLINS AND VELMA ROLLINS D/B/A ROLLINS BODY WORKS v.
JUNIOR MILLER ROOFING COMPANY AND THE MONROE COMPANY,
INC.

No. 8118SC303

(Filed 15 December 1981)

1. **Principal and Agent § 5— written contract—notice of limitation on scope of agent's authority**

Where defendant, in its written contract of sale of roofing materials to plaintiff, disavowed responsibility for installation of the materials or supervision thereof, the selection of a roofing company to install the materials was beyond the scope of the authority of defendant's agent, and defendant may not be held liable to plaintiff for negligence of the agent in the selection of a roofing company to install the materials.

2. **Rules of Civil Procedure § 56.4— summary judgment—deposition contradicting admissions in pleadings**

A party may not defeat summary judgment by presenting deposition testimony which contradicts the prior judicial admissions of his pleadings.

3. **Parties § 3— failure to allege legal capacity of defendant—jurisdiction over individual**

Although the complaint named Junior Miller Roofing Company as defendant and failed to allege the legal capacity or status of defendant, the court had jurisdiction over the person of Junior Miller where the summons and complaint were served on Junior Miller Roofing Company "in the office of Junior Miller, owner, by leaving copies with Edna Miller, wife"; Junior Miller Roofing Company filed an answer and cross-claim under that name; Junior Miller filed an affidavit asserting that he was in the roofing business but that he was not incorporated as Junior Miller Roofing Company or in any other capacity; and in settling the record on appeal, Junior Miller stipulated that all parties were duly served and properly before the court.

4. **Negligence § 2— negligence in repairing roof—issues of material fact**

Genuine issues of material fact were presented in an action against a roofing contractor to recover damages for alleged breach of contract and negligence in repairing a roof, and the trial court erred in entering summary judgment for defendant contractor.

APPEAL by plaintiffs from *Walker, Judge.* Judgments entered 27 October 1980 and 29 October 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 October 1981.

Plaintiffs instituted this action to recover damages resulting from certain repair work done to the roof of a building owned by

them. They alleged that they purchased the materials for repairing the roof from defendant The Monroe Company; that The Monroe Company's representative, H. B. Lynch, arranged for defendant Junior Miller Roofing Company to provide the labor for the repair work; and that the work was done improperly. Plaintiffs charged The Monroe Company with negligence in the selection of Junior Miller Roofing Company, and they charged Junior Miller Roofing Company with breach of contract and negligence in connection with the repair work.

The Monroe Company filed an answer alleging, among other defenses, a disclaimer in the contract for the sale of the roofing materials to the plaintiffs. The Monroe Company counterclaimed for the balance due on the contract. Junior Miller Roofing Company answered and crossclaimed against defendant The Monroe Company for indemnity or contribution on grounds that The Monroe Company's agent supervised the repair work to the roof.

Both defendants moved for summary judgment as to the plaintiffs. They submitted affidavits in support of their motions, and the plaintiffs submitted their depositions in opposition. The trial court allowed both motions, dismissing plaintiffs' action against defendants and allowing The Monroe Company's counterclaim against the plaintiffs.

*Samuel M. Moore for plaintiff appellants.*

*Smith, Moore, Smith, Schell & Hunter, by William L. Young, for defendant appellee The Monroe Company, Inc.*

*No brief for defendant appellee Junior Miller Roofing Company.*

MARTIN (Harry C.), Judge.

A motion for summary judgment may only be granted where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See, e.g., Yount v. Lowe*, 288 N.C. 90, 215 S.E. 2d 563 (1975); *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974); *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972).

In order for a defendant's motion for summary judgment to be granted, the defendant must produce a forecast of the

evidence which he has available for presentation at trial which is sufficient, if considered alone, to compel a verdict in favor of defendant as a matter of law. Failure of the plaintiff to counter the effect of defendant's forecast by his own forecast of evidence sufficient to create a genuine issue of material fact will result in a judgment against him. The test is whether plaintiff has presented evidence sufficient to survive a motion for a directed verdict if such evidence were offered at trial. *Cockerham v. Ward* and *Astrup Co. v. West Co.*, 44 N.C. App. 615, 262 S.E. 2d 651, *disc. review denied*, 300 N.C. 195, 269 S.E. 2d 622 (1980).

*Smith v. Funeral Home*, 54 N.C. App. 124, 125, 282 S.E. 2d 535, 536 (1981).

We affirm the summary judgment as to defendant The Monroe Company. Plaintiffs have not alleged any defects in the roofing materials supplied by The Monroe Company, and they stated in their depositions that they were satisfied with the materials. Plaintiffs seek to hold The Monroe Company liable on grounds that its agent, H. B. Lynch, was negligent in the selection of Junior Miller Roofing Company to perform the repair work. They have also alleged that Lynch was the agent of both The Monroe Company and Junior Miller Roofing Company, and they argue that the negligence of Junior Miller Roofing Company should be imputed to The Monroe Company. The evidence before the trial court will not support their claim.

[1] Plaintiffs alleged in their complaint that on 22 October 1975 they signed a contract with The Monroe Company for the purchase of the roofing materials and that the proposed contract was received by The Monroe Company and became binding on or about 28 October 1975. The Monroe Company admitted entering into this contract in its answer. It then alleged this same contract as the basis of its counterclaim and attached a copy as an exhibit. In their reply to the counterclaim, the plaintiffs admitted entering into the contract. A copy of the contract has been filed with this Court. It includes the following provisions:

    2. This Acknowledgment contains the entire agreement of sale between the parties, and no other representations, agreements, estimates or other verbal statements or writing relating to this transaction or the goods hereinabove de-

scribed, except the aforesaid separate written Guaranty, shall be of any binding effect between the parties hereto.

   3. Seller shall not be responsible for application or installation of the goods, or supervision thereof, unless otherwise agreed in a writing signed by Seller; any such application, installation or supervision performed for Buyer by any person also employed by Seller shall be solely for Buyer's account and at Buyer's responsibility and risk.

Gene Rollins admitted receiving a copy of the contract before the repair work commenced, and the plaintiffs stated that they did not enter into any other written agreement with The Monroe Company concerning installation of the roofing materials. The plaintiffs were therefore on notice that The Monroe Company disavowed responsibility for application or installation of the roofing materials or supervision thereof. Any such activity by Lynch, including his selection of Junior Miller Roofing Company, was beyond the scope of his authority as the agent of The Monroe Company, and The Monroe Company may not be held liable therefor. " 'Any apparent authority that might otherwise exist vanishes in the presence of the third person's knowledge, actual or constructive, of what the agent is, and what he is not, empowered to do for his principal.' " *Research Corporation v. Hardware Co.*, 263 N.C. 718, 723, 140 S.E. 2d 416, 420 (1965) (citations omitted). " 'One dealing with an agent or representative with known limited authority can acquire no rights against the principal when the agent or representative acts beyond his authority or exceeds the apparent scope thereof.' " *Investment Properties v. Allen*, 283 N.C. 277, 286, 196 S.E. 2d 262, 267 (1973) (citation omitted).

[2] Plaintiffs denied in their depositions that the signature on the contract was that of Gene Rollins; however, this deposition testimony fails to raise a genuine issue of material fact as to the contract. As noted above, the exhibit attached to The Monroe Company's counterclaim and filed with this Court was established by the pleadings as the contract between the parties. The terms of the contract, including the disclaimer of responsibility quoted above, were thus judicially admitted. "A party is bound by his pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive

as against the pleader. He cannot subsequently take a position contradictory to his pleadings." *Davis v. Rigsby,* 261 N.C. 684, 686, 136 S.E. 2d 33, 34 (1964); *accord, Watson v. Clutts,* 262 N.C. 153, 136 S.E. 2d 617 (1964); *Markham v. Johnson,* 15 N.C. App. 139, 189 S.E. 2d 588, *cert. denied,* 281 N.C. 758, 191 S.E. 2d 356 (1972). The effect of a judicial admission is to establish the fact for the purposes of the case and to eliminate it entirely from the issues to be tried. 2 Stansbury's N.C. Evidence §§ 166 and 177 (Brandis rev. 1973). "Evidence offered in denial of the admitted fact should undoubtedly be rejected." Stansbury, *supra,* § 166. In *Mortgage Co. v. Real Estate, Inc.,* 39 N.C. App. 1, 249 S.E. 2d 727 (1978), *aff'd by an equally divided court,* 297 N.C. 696, 256 S.E. 2d 688 (1979), this Court held that a party may not create a genuine issue of material fact so as to avoid summary judgment by filing an affidavit contradicting his own prior sworn testimony in a deposition. We now hold that a party may not defeat summary judgment by presenting deposition testimony which contradicts the prior judicial admissions of his pleadings. Summary judgment was properly entered as to the plaintiffs' claim against defendant The Monroe Company. Summary judgment was also proper as to The Monroe Company's counterclaim against the plaintiffs. Although they denied that any balance was due in their reply, plaintiffs conceded in their depositions that they owed The Monroe Company the balance it claimed for sale of the roofing materials.

[3] We reverse the summary judgment as to defendant Junior Miller Roofing Company. Plaintiffs alleged in their complaint that Junior Miller Roofing Company was a North Carolina corporation. Junior Miller Roofing Company filed an answer asserting, among other defenses, "that there does not exist an entity known as Junior Miller Roofing Company and that the alleged Junior Miller Roofing Company is not incorporated in the State of North Carolina nor in any other place." At the summary judgment hearing, the plaintiffs moved to amend their complaint in order to strike the allegation of incorporation. This motion to amend was "allowed and considered allowed in hearing the motion for summary judgment of the defendant, Junior Miller Roofing Company." The motion for summary judgment was then allowed in favor of this defendant. Although the trial court did not state the grounds for its ruling, the plaintiffs assume in their brief that

summary judgment was granted because of the improper designation of Junior Miller Roofing Company in the complaint. We find no basis for summary judgment.

N.C.G.S. 1-75.2(3) defines the term "defendant" as "the person named as defendant in a civil action." Subsection (1) of this statute defines the term "person" as "any natural person, partnership, corporation, body politic, and any unincorporated association, organization, or society which may sue or be sued under a common name." The defendant in a civil action must be an existing legal entity, either natural or artificial. *Nelson v. Relief Department*, 147 N.C. 103, 60 S.E. 724 (1908). However, it is not necessary to allege in the complaint what type of legal entity the defendant is. *See* N.C. Gen. Stat. § 1A-1, Rule 9(a) (1969). "[A] person may be sued under a trade name." 59 Am. Jur. 2d Parties § 46 (1971). In *Thune v. Hokah Cheese Co.*, 260 Iowa 347, 149 N.W. 2d 176 (1967), the plaintiff sued defendant Hokah Cheese Company as the registered owner of a truck involved in a traffic accident with the plaintiff. Plaintiff merely alleged that the defendant was a duly licensed business having the capacity to be sued; she did not allege whether the defendant was a corporation, a partnership or a trade name. Service was made on "Willard Potter, owner of Hokah Cheese Company." Defendant challenged jurisdiction on grounds that it was not a legal entity capable of being sued. The trial court agreed, but the Supreme Court of Iowa reversed. The court held that Willard Potter was before the court at all times under his trade name. It wrote:

> As long as the real party receives proper notice of the action, we are unable to see any prejudice in permitting him to be sued in a trade or fictitious name alone. However, a careful practitioner should continue to bring suit against the individual as well as the fictitious name in which he may be doing business.

*Id.* at 353, 149 N.W. 2d at 179.

In the present case plaintiffs, having amended their complaint in order to delete the allegation of incorporation, were left with no allegation as to the legal status of Junior Miller Roofing Company. The summons and complaint were served on Junior Miller Roofing Company "in the office of Junior Miller, owner, by leaving copies with Edna Miller, wife . . .." Junior Miller Roofing

Company filed an answer and cross-claim under that name. Junior Miller himself filed an affidavit asserting "[t]hat I am in the roofing business and have had fifteen years experience but that I am not incorporated as Junior Miller Roofing Co. or incorporated in other capacity." In settling the record on appeal, Junior Miller signed a stipulation to the effect "[t]hat all parties were duly served and properly before the court." Although we do not recommend the form of plaintiffs' complaint, we find that jurisdiction has been established over the person of Junior Miller.

[4] Genuine issues of material fact exist with respect to the plaintiffs' claim against Junior Miller. Junior Miller's affidavit was to the effect that the plaintiffs' roof was so deteriorated that he advised tearing it off and replacing it with an entirely new roof; that Lynch told him that Gene Rollins did not want a new roof and that he should do the best job that he could; and that Lynch instructed him on how to perform the work. However, the plaintiffs' depositions tended to show that Lynch acted as agent for Junior Miller and was present and was supervising while the repair work was being done; that Junior Miller did not follow Lynch's directions; that the sprayer used to apply the roofing materials did not work properly; that Junior Miller's crew made holes in the roof where there had not been holes before and did not repair the holes; that the crew did not install new gravel stops and rehang a gutter as they were supposed to; and that the roof leaked worse after the repair work. The issues raised should be decided by a jury.

As to defendant The Monroe Company, Inc., affirmed.

As to defendant Junior Miller Roofing Company, reversed and remanded.

Judges HEDRICK and CLARK concur.