**WHITAKER'S INC. v. NICOL ARMS**

[93 N.C. App. 487 (1989)]

Remanded for correction of judgment.

Judges ARNOLD and WELLS concur.

---

WHITAKER'S INC. OF SUMTER v. NICOL ARMS, A NORTH CAROLINA LIMITED PARTNERSHIP; ALMONT E. LINDSEY, GENERAL PARTNER; AND GEORGE MOROSANI, GENERAL PARTNER

No. 8830SC766

(Filed 18 April 1989)

1. **Pleadings § 37.1— existence of contract—establishment by pleadings**

   The existence of a contract between the parties was established by the parties' pleadings where defendant asserted counterclaims against plaintiff alleging that a contract existed between them and that the contract was breached, and plaintiff judicially admitted entering into a contract with defendant in its reply to the counterclaims.

2. **Rules of Civil Procedure § 41.2— voluntary dismissal after parties rested—manifest unjustness**

   It would be manifestly unjust to permit defendant to voluntarily dismiss its counterclaims and thereby raise anew the settled issue of the existence of a contract after the parties had rested and the trial judge had implicitly ruled against defendant on its counterclaims by denying defendant's motions for directed verdict.

3. **Partnership § 4— purchase order by partner—liability of partnership**

   A limited partnership was bound by a purchase order signed by a general partner where the uncontradicted evidence showed that the partner signed on behalf of the partnership and had authority to do so, and where the partnership effectively ratified the contract by bringing suit on it.

APPEAL by defendants from *Marlene Hyatt, Judge.* Judgment entered 10 December 1987 in Superior Court, JACKSON County. Heard in the Court of Appeals 16 February 1989.

*Dees, Giles, Tedder, Tate & Gaylord, by T. M. Gaylord, Jr., for plaintiff-appellee.*

*Haire & Bridgers, P.A., by R. Phillip Haire, for defendant-appellants.*

BECTON, Judge.

This breach of contract action was brought by plaintiff Whitaker's, Inc., a supplier of kitchen and bathroom cabinets ("the supplier"), against defendant Nicol Arms Limited Partnership ("Nicol Arms"), the owner of the apartment complex in which the cabinets were to be installed, and against defendants Almont Lindsey and George Morosani, former and present general partners of Nicol Arms, respectively. Nicol Arms counterclaimed for breach of contract, unfair trade practices, and breach of express and implied warranties. Defendants offered no evidence at trial. A directed verdict was granted in favor of the supplier on the issues of the existence of a contract and damages. The trial judge awarded the supplier $18,155 in damages, and the jury awarded the supplier $4,500 for lost profits.

Defendants' primary contention on appeal is that Mr. Lindsey's signature on the supplier's purchase order form did not form a contract with Nicol Arms because that signature did not indicate that Mr. Lindsey was signing in a representative capacity. Defendants contend that the trial judge erred by: (1) denying defendants' directed verdict motions; (2) directing a verdict in the supplier's favor; and (3) denying defendants' motions for judgment notwithstanding the verdict and a new trial. Defendants do not challenge the amount of damages awarded. We affirm the judgment.

I

Defendants contend that when Mr. Lindsey signed the purchase order in his own name, he acted either individually or as president of A.C.R.S., Ltd. (the entity responsible for construction of the apartment complex), and not as general partner of Nicol Arms. Thus, defendants argue Nicol Arms was not a party to the contract with the supplier, and, as a result, defendants were entitled to a directed verdict as a matter of law. We disagree.

A. *Contract Established by Pleadings*

[1] In our view, the question whether Mr. Lindsey entered into a contract with the supplier on behalf of Nicol Arms was settled by the parties' pleadings.

In its Answer, Nicol Arms asserted counterclaims against the supplier, alleging that a contract existed between them, and that the contract was breached. We adopt the settled view that " '[a] party is bound by [its] pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive against the pleader. [A party] cannot subsequently take a position contradictory to [its] pleadings.' " *Joe Newton, Inc. v. Tull,* 75 N.C. App. 325, 329, 330 S.E. 2d 664, 667 (1985) (quoting *Davis v. Rigsby,* 261 N.C. 684, 686, 136 S.E. 2d 33, 34 (1964) ). *Accord Rollins v. Junior Miller Roofing Co.,* 55 N.C. App. 158, 161-62, 284 S.E. 2d 697, 700 (1981); *Neff v. Queen City Coach Co.,* 16 N.C. App. 466, 472, 192 S.E. 2d 587, 591 (1972).

In addition, in the supplier's Reply to the counterclaims, the supplier admitted entering into a contract with Nicol Arms. "The effect of a judicial admission is to establish the fact for the purposes of the case and to eliminate it entirely from the issues to be tried." *Rollins,* 55 N.C. App. at 162, 284 S.E. 2d at 700; *accord Champion v. Waller,* 268 N.C. 426, 428, 150 S.E. 2d 783, 785 (1966); *Hedgecock Builders Supply Co. v. White,* 92 N.C. App. 535, 544, 375 S.E. 2d 164, 170 (1989). Thus, we hold that the question whether a contract existed between Nicol Arms and the supplier was not an issue to be resolved at trial.

[2] Although neither party raises the point, Nicol Arms' motion to voluntarily dismiss the counterclaims, made after the parties rested, does not change the result in this case. First, it is not clear from the record whether the trial judge ever ruled on that motion. *See* N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 41(a), (c) (1983) (counterclaim may be voluntarily dismissed after party rests only with leave of court). Second, the trial judge had already implicitly ruled against Nicol Arms on its counterclaim by denying defendants' motions for directed verdict.

In our view, it would be manifestly unjust to permit defendants at that late hour in the trial to withdraw the allegations in the counterclaims, thereby raising anew the settled issue of the existence of a contract. We believe that the judicial reluctance to

allow a plaintiff to withdraw at the last stages of litigation should extend as well to a defendant who wishes to withdraw its counterclaims. *See id.* (rules regarding dismissal of plaintiff's claim apply to dismissal of defendant's counterclaim); *cf. McCarley v. McCarley*, 289 N.C. 109, 113, 221 S.E. 2d 490, 493 (1976) (". . . it would be manifestly unjust to allow a plaintiff, who comes into court upon solemn allegations, which, if true, entitle defendant to some affirmative relief against the plaintiff, to withdraw, *ex parte*, the allegations after defendant has demanded the relief to which they entitle him"); N.C. Gen. Stat. Sec. 1A-1, *comment* to R. Civ. P. 41 (prior to enactment of Rule 41, permitting the plaintiff to dismiss its case "just as the court was about to direct a verdict for defendant," after defendant had already incurred great expense in preparing for trial, "was an outrageous imposition not only on the defendant but also on the court"). We conclude that Nicol Arms' counterclaims established the existence of the contract.

## B. *Partnership Obligation*

**[3]** We additionally conclude that under the principles of partnership liability Nicol Arms was bound by the purchase order signed by Mr. Lindsey.

This court explained in *Hedgecock* that "[a] partnership will be liable for a contract entered in a partner's own name if: (1) 'the partner was *acting on behalf of the partnership* in [entering the contract] and was authorized to so act'; or (2) 'the partners, with knowledge of the transaction, thereafter *ratified the acts* of their partner.'" 92 N.C. App. at 543-44, 375 S.E. 2d at 170 (quoting *Brewer v. Elks*, 260 N.C. 470, 472-73, 133 S.E. 2d 159, 162 (1963)) (emphasis supplied). Both conditions were satisfied here.

First, the uncontradicted evidence adduced at trial established that Mr. Lindsey signed on behalf of Nicol Arms. Witnesses for the supplier testified that Mr. Lindsey represented that he acted on behalf of the Nicol Arms partnership, and that he had authority to do so. Furthermore, the order form indicated that the cabinets were being purchased for and delivered to the Nicol Arms apartments. Defendants presented no evidence to the contrary and raised no challenge to the credibility of the supplier's witnesses.

Second, the Nicol Arms partnership effectively ratified the contract by bringing suit on it. "One of the most unequivocal methods of showing ratification of an agent's . . . act is by bringing an

action . . . on the . . . act with full knowledge of the material facts." *Patterson v. Lynch*, 266 N.C. 489, 493, 146 S.E. 2d 390, 393 (1966) (citation omitted).

Viewing the evidence presented in a light most favorable to the supplier, *see, e.g., Farmer v. Chaney*, 292 N.C. 451, 453, 233 S.E. 2d 582, 584 (1977), we conclude that the trial judge properly denied defendants' motions for a directed verdict.

This assignment of error is overruled.

II

We have already held there was no question for the jury to resolve regarding the existence of the contract between Nicol Arms and the supplier. Thus, the supplier was entitled to a directed verdict as a matter of law, and defendants were not entitled to judgment notwithstanding the verdict or to a new trial. Accordingly, we overrule defendants' remaining assignments of error.

We hold that the trial below was without error.

Affirmed.

Judges PARKER and GREENE concur.