**Michael and Cynthia DOE, individually and as guardians ad litem of Minor Child Doe, Plaintiffs,**

v.

**BAYER CORPORATION, Individually and as Successor–in–Interest to Miles, Inc., an Indiana corporation; Bayer Biological Products, a division of Bayer Corporation, an Indiana corporation; and Eli Lilly and Company, an Indiana corporation, Defendants.**

**No. 1:03 CV 00727.**

United States District Court, M.D. North Carolina.

Nov. 1, 2004.

William Marc Graham, Jean Sutton Martin, Wallace and Graham, P.A., Salisbury, NC, for Plaintiffs.

Richard W. Ellis, Paul K. Sun, Jr., Alex John Hagan, Andrew S. Chamberlin, Ellis & Winters, LLP, Raleigh, NC, Bradley Reid Kutrow, Helms Mulliss & Wicker, P.L.L.C, Charlotte, NC, for Defendants.

## MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge.

This matter is now before the court on Plaintiffs' Motion to Remand. For the reasons stated herein, the court finds Bayer Biological Products, an unincorporated division of Bayer HealthCare L.L.C., to be an improper party. The court also finds it has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs' motion to remand the case to the General Court of Justice, Superior Court Division, Durham County, North Carolina, will be denied.

## I. BACKGROUND

Plaintiffs Michael and Cynthia Doe, individually and as Guardians Ad Litem of Minor Child Doe, filed this action in Durham County Superior Court against Defendants Bayer Corporation ("Bayer"), Bayer Biological Products ("Bayer Biological") (an unincorporated division of Bayer HealthCare, L.L.C.), and Eli Lilly and Company ("Eli Lilly"). Plaintiffs assert several state-law causes of action against Defendants arising out of personal injuries to Minor Child Doe, allegedly caused by in utero exposure to thimerosal. Defendants Bayer and Bayer Biological timely filed a Notice of Removal to which Eli Lilly consented, and Plaintiffs responded with a Motion for Remand. Subsequently, Plaintiffs entered a notice of voluntary dismissal without prejudice as to Defendant Eli Lilly.

Defendants attempt to invoke the diversity jurisdiction of this court. Plaintiffs are citizens of North Carolina. (Pls.' Br.

Supp. Mot. Remand & Opp'n Def.'s Mot. Removal at 2.) Bayer is an Indiana corporation with a principal place of business in Pennsylvania. (*Id.* ¶ 5.) The only disputed citizenship is that of Bayer Biological. It is an unincorporated division of Bayer HealthCare, L.L.C. ("Bayer HealthCare"), a Delaware limited liability company formed by Bayer with a principal place of business in New York.[1] (Def.'s Br. Opp'n Pls.' Mot. Remand at 3.) Bayer is the only owner (or "member") of Bayer Health-Care. (*Id.*) Bayer Biological lists its "Division Headquarters" as Research Triangle Park, North Carolina. Http://www.bayer-biologicals.com/About_us/ (last viewed Oct. 6, 2004).

## II. ANALYSIS

Defendants removed this case on the ground that Bayer Biological had been improperly named as a defendant and that this court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal at 1.) Plaintiffs argue this court lacks diversity jurisdiction due to Bayer Biological's presence in the suit. Plaintiffs contend Bayer Biological "possess[es] the requisite separateness upon which to be considered an independent entity." (Pls.' Br. Supp. Mot. Remand & Opp'n Def.'s Mot. Removal at 5.) They argue that the issue is one of "corporate separateness" between the parent and subsidiary and the degree of control maintained by the parent. (*Id.*)

There is no dispute as to the citizenship of Plaintiffs and Defendant Bayer. At issue here is the legal existence and citizenship of Bayer Biological. It is an unincorporated division of Bayer HealthCare, and Bayer HealthCare is a citizen of Delaware and New York. To remand the case, this court must find Bayer Biological to be a proper party to this suit, *and* must find that it can assess Bayer Biological's citizenship independently of its parent corporation, Bayer HealthCare.

The presence of an unincorporated business entity in a lawsuit raises the issue of that entity's capacity to sue or be sued. Under Rule 17(b) of the Federal Rules of Civil Procedure ("Rule 17(b)"), an individual's or corporation's capacity to sue or be sued is determined by the law of the state in which the person lives or the corporation is organized, respectively. Fed. R.Civ.P. 17(b). "In all other cases, capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Id.* Therefore, with regard to the capacity of an unincorporated entity, this court must look to North Carolina law.

■ In North Carolina, "[t]he defendant in a civil action must be an existing legal entity, either natural or artificial." *Rollins v. Junior Miller Roofing Co.*, 55 N.C.App. 158, 163, 284 S.E.2d 697, 701 (1981). In *Nelson v. Atlantic Coast Line Railroad Company Relief Department*, the Supreme Court of North Carolina held that a contract action could not be maintained against an unincorporated department of an incorporated company, because the department was "neither a natural nor an artificial being." 147 N.C. 103, 60 S.E. 724, 724 (1908). The department was a "mere 'agency'" of its principal, the railroad company, so the action should have been maintained either against the individual who made the contract or against the principal, Atlantic Coast Line Railroad Company. *Id.* The "Relief Department" was "in the eye of the law, an 'airy nothing,'" and the court dismissed the appeal on the ground that it had "no defendant before it." *Id.* at 724–25. Thus, North

---

1. In its Notice of Removal, Bayer incorrectly described Bayer Biological as a division of Bayer. It is a division of Bayer HealthCare. (Def.'s Br. Opp'n Pls.' Mot. Remand at 3 n. 2.)

Carolina does not confer capacity to sue or be sued on unincorporated parts of corporations.

■ The general removal statute provides that a defendant may remove a case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions where the matter in controversy ... is between citizens of different States." 29 U.S.C. § 1332(a)(1).[2] This requires "complete diversity": no plaintiff may share state citizenship with one or more defendants. *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). If the district court determines that it lacks jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

■ A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* at § 1332(c)(1). The citizenship of a corporate subsidiary is generally assessed individually, and without regard to the citizenship of the parent corporation. *Schwartz v. Electronic Data Sys., Inc.,* 913 F.2d 279, 283 (6th Cir.1990) (also noting "[s]o far as we can determine, every court of appeals that has considered the question has reached this conclusion"). With regard to an *unincorporated division* of a parent corporation, however, the unincorporated entity is deemed to have the citizenship of the parent. *See, e.g., Breitman v. May*

*Co. Cal.,* 37 F.3d 562, 564 (9th Cir.1994) (" 'A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.' ") (quoting *Schwartz,* 913 F.2d at 284); *Brunswick Corp. v. Jones,* 784 F.2d 271, 275 n. 3 (7th Cir.1986) ("As an unincorporated division, the citizenship of Mercury Marine is that of the corporation of which it is a part."); *Barnes Group, Inc. v. C & C Prods., Inc.,* 716 F.2d 1023, 1026 n. 1 (4th Cir.1983) (finding diversity jurisdiction in a suit between Ohio defendants and an unincorporated division located in Ohio, but whose parent corporation was organized in Delaware with a principal place of business in Connecticut).

■ In arguing for remand, Plaintiffs rely on cases, such as *Schwartz* and *Cannon Manufacturing Co. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925), which involved *incorporated* subsidiaries. These cases are inapplicable in the context of an *unincorporated* division. Here, the issue is about formal existence of this defendant. Because Bayer Biological is not incorporated, it is not a legal entity or "person." Pursuant to Rule 17(b), this court relies on North Carolina law in holding that, because Bayer Biological is not a legal person, it is not capable of being sued. *See Rollins,* 55 N.C.App. at 163, 284 S.E.2d at 701. Thus, Bayer Biological is not a proper party and must be dismissed.

---

2. The jurisdiction statute also requires an amount in controversy that "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Because Plaintiffs filed their complaint in state court, they complied with Rule 8 of the North Carolina Rules of Civil Procedure and alleged damages "in excess of ten thousand dollars ($10,000)," rather than any certain sum. *See* N.C. Gen.Stat. § 1A–1, Rule 8(a)(2).

Bayer contends the amount in controversy can reasonably be expected to exceed $75,000 (Notice of Removal ¶ 9), and Plaintiffs do not dispute this. The court finds the nature of the injuries and claims make it highly likely that the amount in controversy exceeds $75,000. Thus, the amount in controversy requirement of § 1332(a) is met.

Even if Bayer Biological were capable of being sued, the court would rely on the general rule that, for jurisdictional purposes, this unincorporated division's citizenship would be that of its parent company, Bayer HealthCare. This would create complete diversity and allow removal to stand. Plaintiffs argue that to apply the general rule would be a "miscarriage of justice." (Pls.' Br. Supp. Mot. Remand & Opp'n Def.'s Mot. Removal at 2.) To support this, Plaintiffs point to information on Bayer Biological's Web site to show it operates independently. However, the court sees no evidence of a miscarriage of justice. On its Web site, Bayer Biological presents itself as an unincorporated division of Bayer HealthCare, and not as an independent company. Its Web site includes the Bayer logo in the upper right corner with the text "Bayer HealthCare Biological Products Division." Http://www.bayerbiologicals.com (last viewed Oct. 6, 2004). The site also describes Bayer Biological as "a division of the worldwide operations of Bayer HealthCare." Http://www.bayerbiologicals.com/About_us/ (last viewed Oct. 6, 2004). This site provides a link to Bayer HealthCare's Web site, where Bayer HealthCare describes itself as "a legally independent company comprising six divisions," one of which is "Biological Products." Http://www.bayerhealthcare.com/index.php?id=8 & L=2 (last viewed Oct. 6, 2004). Because the corporate structure was apparent from reading these Web sites, there would be no reason to depart from the general rule.

The only proper parties in this suit are Plaintiffs, citizens of North Carolina, and Defendant Bayer, a citizen of Indiana and Pennsylvania. As between Plaintiffs and Defendant there is complete diversity, and this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, removal was proper.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion to Remand [12] is DENIED;

IT IS FURTHER ORDERED that the defendant named as "Bayer Biological Products, a division of Bayer Corporation," is dismissed.