RJM Plumbing, Inc. v. Superior Constr. Corp., 2011 NCBC 18.

STATE OF NORTH CAROLINA

COUNTY OF BRUNSWICK

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
08 CVS 189

RJM PLUMBING, INC.,          )
       Plaintiff            )
                       )
      v.                 )
                       )
SUPERIOR CONSTRUCTION  )
CORPORATION; GEORGE      )
ROUNTREE, III, RECEIVER BY  )
COURT APPOINTMENT FOR    )
INTRACOASTAL LIVING, LLC   )
and WESTERN SURETY COMPANY, )
       Defendants       )

**ORDER AND OPINION**

THIS MATTER, designated a complex business and exceptional case and assigned to the undersigned Chief Special Superior Court Judge for Complex Business Cases by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to Rules 2.1 and 2.2 of the General Rules of Practice for the Superior and District Courts, came to be heard upon Plaintiff RJM Plumbing, Inc.'s Partial Motion for Summary Judgment (the "Motion"), pursuant to Rule 56 of the North Carolina Rules of Civil Procedure ("Rule(s)"); and

THE COURT, having considered the Motion, the arguments and submissions of counsel, pleadings, discovery and all other admissible appropriate matters of record, CONCLUDES that the Motion should be GRANTED in part and DENIED in part for the reasons stated below.

> *Williams Mullen by Gilbert C. Laite III, Esq. and Heather E. Bridgers, Esq. for Plaintiff RJM Plumbing, Inc.*

*Shumaker, Loop & Kendrick, LLP by Steele B. Windle III, Esq. and Bonnie Keith Green, Esq. for Defendant Superior Construction Corporation.*
*Conner Gwyn Schenck, PLLC by C. Hamilton Jarrett, Esq. and Douglas P. Jeremiah, Esq. for Defendant Western Surety Company.*

Jolly, Judge.

### THE PARTIES

[1]     Plaintiff RJM Plumbing, Inc. ("RJM") is a corporation organized and existing under the laws of the State of South Carolina with its principal office and place of business located in Myrtle Beach, Horry County, South Carolina.

[2]     Defendant Superior Construction Corporation ("Superior") is a corporation organized and existing under the laws of the State of North Carolina with its principal office and place of business located in Matthews, Mecklenburg County, North Carolina.

[3]     Defendant George Rountree, III ("Rountree") was appointed the receiver for Intracoastal Living, LLC ("Intracoastal") on July 26, 2007.  Intracoastal is a limited liability company organized and existing under the laws of the State of North Carolina with its principal office and place of business located in Southport, Brunswick County, North Carolina.  At all relevant times, Intracoastal was, and is, the owner of the real property known as The Preserve at Oak Island, located on Old Bridge Road, Oak Island, Brunswick County (the "Property").

[4]     Defendant Western Surety Company ("Western") is a corporation organized and existing under the laws of the State of South Dakota licensed to do business in North Carolina.

## PROCEDURAL BACKGROUND

[5]     On January 17, 2008, Plaintiff RJM filed a Complaint against Superior, Roundtree and Western in Brunswick County Superior Court.  Plaintiff's various claims ("Claim(s)") against the Defendants include: First Claim for Relief (Breach of Contract, Building 3); Second Claim for Relief (Breach of Contract, Building 5); Third Claim for Relief (Breach of Contract, Belle-Isle); Fourth Claim for Relief (Account, Building 3); Fifth Claim for Relief (Account, Building 5); Sixth Claim for Relief (Account, Belle-Isle); Seventh Claim for Relief (Account); Eighth Claim for Relief (Account Stated, Building 3); Ninth Claim for Relief (Account Stated, Building 5); Tenth Claim for Relief (Account Stated, Belle-Isle); Eleventh Claim for Relief (Account Stated); Twelfth Claim for Relief (Quantum Meruit); Thirteenth Claim for Relief (Lien of Funds, Building 3); Fourteenth Claim for Relief (Lien of Funds, Building 5) and Fifteenth Claim for Relief (Claim on Payment Bond, Building 3).

[6]     On April 4, 2008, Defendants Superior and Western filed an Answer, Defenses and Crossclaims, raising the affirmative defenses of Rule 12, conditions precedent and credit/set-off and reserving the right to raise additional affirmative defenses.  The Crossclaims are made against Intracoastal for Breach of Contract on Building 2, Building 3 and the Clubhouse (Claim I); Unjust Enrichment on Building 2, Building 3, and the Clubhouse (Claim II); Quantum Meruit on Building 2, Building 3, and the Clubhouse (Claim III); Breach of Contract on Building 4 (Claim IV); Unjust Enrichment on Building 4 (Claim V); Quantum Meruit on Building 4 (Claim VI); Breach of Contract on Building 5 (Claim VII); Unjust Enrichment on Building 5 (Claim VIII) and Quantum Meruit on Building 5 (Claim IX).

[7]     On July 9, 2008, RJM dismissed Western with prejudice based on settlement of the bonded portion of the claims.

[8]     RJM's Motion seeks summary judgment against Superior on RJM's Second, Third, Fifth, Sixth, Ninth, Tenth and Twelfth Claims for Relief.  However, RJM no longer seeks summary judgment on its Third, Sixth and Tenth Claims for Relief, as it was paid by Superior for work done on Belle Island.  As such, RJM's Motion remains only as to RJM's Second, Fifth, Ninth and Twelfth Claims for Relief, all of which address issues related to work performed on Building Five.

[9]     All briefs and oral arguments have been submitted in support of and opposition to the Motion, and the Motion is ripe for determination.

[10]    Unless otherwise indicated herein, the material facts reflected in paragraphs 11 through 13, 21 and 31 of this Order exist, are undisputed[1] and are pertinent to the issues raised by the Motion.

## FACTUAL BACKGROUND

[11]    On or about January 21, 2005, Superior and Intracoastal entered into written contract agreements for construction of certain buildings on the Property.[2]

[12]    Superior entered into an agreement with RJM for performance by RJM of certain work on Building Five.[3]  RJM provided labor, materials and fixtures for Building

---

[1] It is not proper for a trial court to make findings of fact in determining a motion for summary judgment under Rule 56.  However, it is appropriate for a Rule 56 Order to reflect material facts that the court concludes exist and are not disputed, and which support the legal conclusions with regard to summary judgment.  *Hyde Ins. Agency v. Dixie Leasing*, 26 N.C. App. 138 (1975).

[2] Compl. ¶ 8; Ans. ¶ 6.

[3] Compl. ¶ 12; Ans. ¶ 12.

Five.[4]  RJM contends that Superior is indebted to RJM for labor and materials provided and work performed on Building Five.[5]

[13]    RJM submitted an invoice to Superior dated June 9, 2007, in the amount of $127,964.20.[6]  To date, Superior has not made payment on this invoice.

<u>THE MOTIONS – DISCUSSION</u>

[14]    Under Rule 56(c), summary judgment is to be rendered "forthwith" if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.  When the forecast of evidence demonstrates that the plaintiff cannot satisfy an essential element of a claim or overcome an affirmative defense established by the defendant, summary judgment should be granted.  *Grayson v. High Point Dev. Ltd. P'ship,* 175 N.C. App. 786, 788 (2006).

[15]    The court will examine the Motion in the context of each of Plaintiff's respective Claims.

<u>Second Claim for Relief: Breach of Contract, Building 5</u>

[16]    Plaintiff contends that Superior's failure to pay the balance of $127,964.20 due under the subcontract for Building Five and the continued failure to make payment constitutes a breach of contract.[7]

[17]    Superior responds that there was no valid contract between the parties as to Building Five because there was no mutual assent as to the material terms to

---

[4] Compl. ¶ 14; Ans. ¶ 13-14.
[5] Compl. ¶ 14-15; Ans. ¶ 14-15.
[6] Compl. Ex. B, 2.
[7] Compl. ¶ 25.

establish a contract, including scope of the work to be performed, the time when the work would be completed or the amount and timing of the monies to be paid for the work.[8]

[18]    Plaintiff argues that Superior (a) admitted that a contract existed and was breached[9] and (b) cannot take a position contradictory to their pleadings to avoid summary judgment.[10]

[19]    The elements of a breach of contract claim are: (a) the existence of a valid contract and (b) breach of that contract.  *Poor v. Hill,* 138 N.C. App. 19, 26 (2000).

[20]    Generally, the question of "what is the contract" is a question of fact for the jury; but when the contract is admitted, or proven, its construction is a question of law for the court.  *Storey v. Stokes*, 178 N.C. 438, 440 (1919).

[21]    Superior admits it entered into an agreement with RJM for performance of certain work on Building Five.[11]  Superior also admits that RJM provided various materials and/or labor for construction of Building Five and that Superior is indebted to Plaintiff in an undetermined amount for labor and materials provided by Plaintiff.[12]

[22]    It is well settled in North Carolina that summary judgment cannot be avoided by submitting new evidence that contradicts prior judicial admissions.  *Davis v. Rigsby*, 261 N.C. 684, 686 (1964).

[23]    Accordingly, Superior is "bound by [its] pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are

---

[8] Def. Br. Opp. Mot. Part. Summ. J. 1-2.
[9] Ans. ¶¶ 12-15.
[10] Pl. Br. Resp. Opp. Mot. Part. Summ. J. 2-3.
[11] Ans. ¶ 12.
[12] *Id.* ¶ 13-14.

conclusive as against the pleader." *Rollins v. Junior Miller Roofing Co.*, 55 N.C. App. 158, 161-162 (1981).

[24]    Consequently, the admission of the existence of an agreement between Superior and RJM for performance of work on Building Five forces the court to conclude that a contract existed between the parties.

[25]    As to the second element, breach of the contract, Superior admits that it is indebted to RJM in an undetermined amount for labor and materials provided and work performed by RJM on Building Five.[13]

[26]    However, the principle has long been established in North Carolina that "when no time is specified in a contract for the performance of an act or the doing of a thing, the law implies that it may be done or performed within a reasonable time."  This principle includes the time for payment for services.  *Winders v. Hill*, 141 N.C. 694, 704 (1906).

[27]    Further, the determination of what constitutes a reasonable time for performance requires "taking into account the purposes the parties intended to accomplish."  *Rodin v. Merritt*, 48 N.C. App. 64, 72 (1980). Such a determination involves a mixed question of law and fact, and "in this State, authority is to the effect that, where this question of reasonable time is a debatable one, it must be referred to the jury for decision." *Holden v. Royall*, 169 N.C. 676, 678 (1915).

[28]    Without extenuating circumstances or even an explanation by the defendant, it is unreasonable as a matter of law to expect a party to wait over three years for payment for services rendered.[14]

---

[13] *Id.* ¶ 15.
[14] Compl. Ex. B, 2.

[29]    Accordingly, the court is forced to CONCLUDE that there exists no genuine issue of material fact as to the existence of a contract between Plaintiff and Defendant Superior with regard to Building 5, and as to the breach of the contract by Superior for failing to pay RJM.  Therefore, as to said Second Claim, Plaintiff is entitled to summary judgment in its favor.

<u>Fifth Claim for Relief: Account, Building 5</u>

[30]    Plaintiff contends that Superior owes it the amount of $127,964.20 pursuant to the Building Five Subcontract.[15]

[31]    As discussed, *supra,* Superior admits that RJM furnished labor, materials and fixtures to Superior for Building Five.[16]  Superior further admits that it is indebted to RJM in an undetermined amount for those labors and materials provided.[17]  Superior has not propounded evidence disputing the amount it owes RJM relative to Building Five.

[32]    Based upon the pleadings, affidavits and exhibits presented, the court CONCLUDES there exist no genuine issues of material fact regarding the amount owed by Superior to Plaintiff relative to Building 5; and that summary judgment on this Fifth Claim should be GRANTED in Plaintiff's favor against Superior in the amount of $127,964.20, plus interest thereon as provided by law.

<u>Ninth Claim for Relief: Account Stated, Building 5</u>

[33]    Plaintiff contends that Superior owes the sum of $127,964.20 to RJM pursuant to Subcontract-Building Five.[18]

---

[15] *Id.* ¶ 39.
[16] Ans. ¶ 38.
[17] *Id.* ¶¶ 38-39.
[18] Compl. ¶ 58.

[34]    In order to establish an account stated, one must show: (a) a calculation of the balance due; (b) submission of a statement to plaintiff; (c) acknowledgment of the correctness of that statement by plaintiff and (d) a promise, express or implied, by plaintiff to pay the balance due.  *Carroll v. McNeill Indus., Inc.*, 296 N.C. 205, 209 (1978).

[35]    Superior responds that there is no evidence to show that any representative of Superior signed the invoice or verbally acknowledged its correctness.[19]  Additionally, Superior contends that it never promised, expressly or impliedly, to pay the balance claimed.[20]

[36]    Based upon the pleadings, affidavits and exhibits presented, the court CONCLUDES there exist no genuine issues of material fact regarding the amount owed by Superior to Plaintiff relative to Building 5; and that summary judgment on this Ninth Claim should be GRANTED in Plaintiff's favor against Superior in the amount of $127,964.20, plus interest thereon as provided by law.  This is the same liability owed by Superior to RJM reflected in paragraph 32, *supra*.

<u>Twelfth Claim for Relief: Quantum Meruit</u>

[37]    Plaintiff alternately contends it is entitled to recovery under the theory of quantum meruit.

[38]    A claim of this type is neither in tort nor contract but is described as a claim in quasi contract or a contract implied in law.  If there is a contract between the parties the contract governs the claim and the law will not imply a contract.  *Concrete Co. v. Lumber Co.,* 256 N.C. 709, 713 (1962).

---

[19] Def. Br. Opp. Mot. Part. Summ. J. 2; Clardy Aff. ¶ 9.
[20] Def. Br. Opp. Mot. Part. Summ. J. 2; Clardy Aff. ¶ 10.

[39]    Because the court concluded, *supra*, that a contract existed between the parties, the court CONCLUDES that Plaintiff's Twelfth Claim for Quantum Meruit is MOOT and without basis in law.  Accordingly, as to this Twelfth Claim, summary judgment should be DENIED and the Twelfth Claim should be DISMISSED.

## CONCLUSION

NOW THEREFORE, based upon the foregoing, it hereby is ORDERED that:

[40]    Plaintiff's Motion for Summary Judgment is GRANTED as to its Second Claim (Breach of Contract, Building Five).

[41]    Plaintiff's Motion for Summary Judgment is GRANTED as to its Fifth Claim (Account, Building Five).

[42]    Plaintiff's Motion for Summary Judgment is GRANTED as to its Ninth Claim (Account Stated, Building Five).

[43]    Judgment is entered in favor of Plaintiff and against Superior in the amount of $127,964.20, plus interest thereon as provided by law.

[44]    Plaintiff's alternate Motion for Summary Judgment as to its Twelfth Claim (Quantum Meruit) is DENIED, and said Twelfth Claim hereby is DISMISSED.

[45]    On Tuesday, July 12, 2001, at 11:00 a.m., in the North Carolina Business Court at 225 Hillsborough Street, Suite 303, Raleigh, North Carolina, the court will hold a status conference and hearing in this matter for the purpose of considering and resolving any remaining issues existing between Plaintiff RJM and Defendant Superior.

This the 21st day of June, 2011.