van Gestel, Allan, J.
This matter is before the Court on the Petitioner’s Motion for Summary Judgment, Paper #9. The motion is opposed.

BACKGROUND

The underlying Petition is brought pursuant to G.L.c. 156D, sec. 14.30, seeking a judicial dissolution *746 of a closely held Massachusetts corporation, Patio Vending Services, Inc. (“Patio Vending”).
The Petitioner, Peter G. Constantine (“Constantine”), is one of two shareholders in Patio Vending and owns 50% of the issued and outstanding shares. Constantine is also one of the two directors of Patio Vending.
The Respondent, Robert G. Lawnicki (“Lawnicki”), owns the remaining 50% of the issued and outstanding shares of Patio Vending, and is the other director.
Patio Vending is essentially a small, two-man company servicing and maintaining vending machines in a geographic area near its office/warehouse facility in Lowell, Massachusetts.
Although the issues between Constantine and Lawnicki may, on their face, seem minor, given the two-man nature of the company and its business there clearly appears to be a deadlock with the directors in the management of the corporate affairs, which the shareholders, being the same persons as the directors, are unable to break.
Also, given small size of the corporation and the nature of its business there needs to be almost total unanimity in the management to avoid irreparable harm to the entity. Constantine and Lawnicki are, in essence, a two-person partnership[1] in which the partners are in significant disagreement over its management. The entity cannot long survive under the present situation.

DISCUSSION

Rule 56(c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We view the evidence in the light most favorable to the nonmoving party. See BayBahk v. Bornhofft, 427 Mass. 571, 573 (1998).
Vittands v. Sudduth, 49 Mass.App.Ct. 401, 405-06 (2000).
Thus, summary judgment is granted where, viewing the evidence in the light most favorable to the non-moving party, there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law. Cabot Corporation v. AVX Corporation, 448 Mass. 629, 636-37 (2007); Hakim v. Massachusetts Insurers' Insolvency Fund, 424 Mass. 275, 281 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). “(T]he moving party must establish that there are no genuine issues of material fact, and that the non-moving party has no reasonable expectation of proving an essential element of its case.” Miller v. Mooney, 431 Mass. 57, 60 (2000). See also Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
While we examine the record in its light most favorable to the nonmoving party, Foster v. Group Health Inc., 444 Mass. 668, 672 (2005), “[c]onclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment” (citations omitted). Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 890 (1987). “If the opposing party fails properly to present specific facts establishing a genuine, triable issue, summary judgment should be granted.” Id.
O’Rourke v. Hunter, 446 Mass. 814, 821-22 (2006).
Here the controlling law is found in the relatively new Massachusetts Business Corporation Act, G.L.c. 156D. Particularly applicable is G.L.c. 156D, sec. 14.30(2)(i) which provides:
The superior court. . . may dissolve a corporation:
* * * * *
(2) upon a petition filed by the shareholders holding not less than 40 percent of the total combined voting power of all the shares of the corporation’s stock outstanding and entitled to vote on the question of dissolution, if it is established that:
(i) the directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock, and irreparable injury to the corporation is threatened or being suffered; . . .
What the statute provides for is precisely the situation here. Constantine holds 50% of the combined voting power of all the shares of Patio Vending outstanding and entitled to vote on the question of dissolution. Constantine and Lawnicki, the directors, appear deadlocked in the management of the corporate affairs. Constantine and Lawnicki, the shareholders, are unable to break the deadlock. And irreparable injury to the corporation certainly is threatened.
Dissolution seems warranted. However, the Comment[2] to c. 156D, sec. 14.30, cautions that “involuntary dissolution should be available as a mechanism for resolving internal corporate disputes only in the case of true deadlock, and even then only when continuation of the deadlock will impose real and serious harm, and . .. significantly broader availability of this remedy in such circumstances invites gamesmanship in the negotiation of internal corporate disputes and makes the dissolution remedy available in circumstances in which nothing so extreme is required, or in the end, normally consummated.”
Significantly, the Comment goes on to say: “The ‘irreparable injury’ requirements of both clauses of sec. 14.30(2) are more strongly worded than the ‘best interests of the shareholders’ requirement of BCL[3] sec. 99, reflecting the strength of the belief that the availability (or potential availability) of dissolution to a disgruntled shareholder is rarely desirable, normally has material adverse effects on other constituencies *747 (such as employees and vendors), and normally leads in the end to a buyout and not dissolution even after dissolution is entered.”
Here there are essentially no affected “other constituencies.” There are only two shareholders, Constantine and Lawnicki. As for vendors, and the like, Exhibit G attached to Lawnicki’s Affidavit suggests that Patio Vending has: a condominium worth $150,000, with a mortgage of $55,000; inventory of accounts receivable and trucks of $20,000; Mitsubishi box trucks, vending machines and miscellaneous assets worth about $68,000; and liabilities, excluding the mortgage, of approximately $118,000.00. There also is listed an item called “Bobs loan” of $145,763, which the Court concludes to be some form of loan to Patio Vending by Lawnicki. This, even if only closely accurate, does not present a picture of serious potential harm to vendors, creditors and others.

ORDER

Given the foregoing, this Court is relatively comfortable that a dissolution of Patio Vending Services, Inc. for deadlock pursuant to G.L.c. 156D, sec. 14.30(2), may well be warranted. In deference, however, to the interpretive Comment to G.L.c. 156D, sec. 14.30(2), this Court will defer any final decision on the pending motion until at least September 14, 2007, to give the parties still further time[4] to attempt a less draconian resolution.

 Indeed, given Patio Vending’s closely-held nature, Constantine and Lawnicki are held to the very high partnership fiduciary standard in dealing with each other. See, e.g., Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 586 (1975), and Demoulas v. Demoulas Supermarkets, Inc., 424 Mass. 501, 528-29 (1997).

This particular section of c. 156D has had no appellate interpretation; it, like the rest of the statute, having only been in effect since July 1, 2004. Consequently, the Comment becomes the Court’s only guide to the legislative intent behind the statute.

G.L.c. 156B, the Business Corporation Law.

The Court is aware that there already have been significant, but unsuccessful, efforts to resolve the impasse between Constantine and Lawnicki. There is, however, not much to fight over and the costs of litigation will rapidly outreach the corporation’s worth.