Tucker, Richard T., J.
This matter came on for hearing upon plaintiff, Gregory G. Kerkorian’s Motion to Appoint a Receiver for the purpose of effecting a dissolution of the defendant corporation. Plaintiff s complaint seeks a judicial dissolution of the corporation under G.L.c. 156D, §14.30.
After review of the memoranda and affidavits submitted by plaintiff and defendant, as well as the oral argument of counsel, I find and rule as follows.
FACTS
1. In the fall of 1993 the defendant corporation purchased 24 of the 25 commercial condominium units located at 108 Grove Street, Worcester, Massachusetts (hereinafter referred to as the “Northworks Building"). The Northworks Building is an old, manufacturing/industrial structure containing approximately 80,000 square feet of rentable space that had been converted to commercial condominiums prior to the defendant’s purchase.
2. The sole owners, officers and directors of the defendant corporation are: the plaintiff, Gregory G. Kerkorian (“Kerkorian”), who is President of the corporation, Director and has served as its day-to-day Manager since July 1995, and Eugene J. Mariani, Jr. (“Mariani”), Vice President, Treasurer and Director. Kerkorian and Mariani each own fifty (50%) percent of the shares of stock and are the corporation’s sole Directors.
3. The business of the corporation is the ownership, management and leasing of the condominium units of the Northworks Building. This has been a successful venture for the corporation. The rents received, presumably due in part to the management by Kerkorian, have increased considerably as is shown below:
1 / 94 — $262,091
2/95— 248,353
6/96— 343,620
5/06— 846,498
12/08— 405,164
4. On or about 2007-08,[1] rental income declined as the corporation suffered a loss of significant tenants occupying approximately 30,000 square feet. The December 2008 rent totals reflects this downturn, the total rent received being less than one-half of the rental income in 2006.
5. Kerkorian argues that with the net operating income of the business declining, the value of the sole asset, the Northworks Building, is similarly declining. Accordingly, Kerkorian seeks judicial dissolution of the corporation because he wants “the building sold because it has been losing value and tenants and consequently the corporation is losing value.” He claims that the management of the corporation is deadlocked.
6.Mariani disagrees that the corporation should be dissolved or that the building should be sold. He states that the business operates at a profit, that no deadlock in the management of the company’s affairs exists and that Kerkorian’s inability to sell the building does not establish a deadlock in the operation of the business.[2]
DISCUSSION
The instant motion for the appointment of a receiver to “wind up and liquidate Northworks pursuant to G.L.c. 156D, §14.31" stands or falls upon whether the plaintiff has, upon this record, a right to have the Court compel dissolution under G.L.c. 156D, §14.30. The applicable language of the statute states:
The superior court. . . may dissolve a corporation:
(2) upon a petition filed by the shareholders holding not less than 40 per cent of the total combined voting power of all the shares of the corporation’s stock outstanding and entitled to vote on the question of dissolution, if it is established that:
(i) the directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock, and irreparable injury to the corporation is threatened or being suffered; . . .
This relatively new statute has only been applied in one reported decision, Constantine v. Lawnicki, 22 Mass. L. Rptr. 745, 2007 WL 2429721. In addition to this one decision, which will be addressed below, this Court refers to the Comment to the statute for guidance as to the intent of the legislature and to decisions interpreting the statute’s predecessor, G.L.c. 156B, §99.
The Comment notes judicial dissolution is discretionary even though statutory grounds may be present. It further indicates that “involuntary dissolution should be available as a mechanism for resolving internal corporate disputes only in the case of true deadlock, and even then only when continuation of the deadlock will impose real and serious harm.” Moreover,
the statute in general, does not contemplate broad availability of involuntary dissolution, or of equivalently active judicial intervention in situations where some shareholders may desire dissolution ... in keeping with the Massachusetts policy that less extreme remedies are both more appropriate and more conducive to orderly negotiation of settlement in most situations.
*157 Upon the record before me it appears clear that the shareholders are “deadlocked” on the issue of whether the corporation should be dissolved and its assets (commercial condominiums individually or the Northworks Building itself) sold. The statute requires that a deadlock exist in the “management of the corporate affairs” and that such deadlock be unable to be broken by the shareholders and that “irreparable injury to the corporation is threatened or being suffered.”
In a case decided under the predecessor statute, G.L.c. 156B, §99, where some shareholders objected to the sale or lease of corporate properties to a third party, the Appeals Court found that the majority stockholder was permitted to exercise his discretion in establishing business policy for the corporation and that no deadlock “in the management of corporate affairs” existed. Drury v. Abdallah et al, 9 Mass.App.Ct. 809, 865 (1980). In another case brought pursuant to c. 156B, §99, a 50% owner of a company petitioned for an appointment of a receiver and for dissolution of the corporation because she did not like the way the company was being run.[3] Plaintiff argued that this constituted a deadlock of ownership, whereas the defendant asserted that no corporate deadlock existed. Alkire v. Interstate Theatres Corporation, 379 F.Sup. 1210, 1213 (D.Mass. 1974). Although decided on subject matter jurisdictional grounds, Judge Tauro noted that the power to dissolve even deadlocked Massachusetts corporations is limited. Id. at 1213.
I find that presently the plaintiff, Kerkorian continues to be the Manager of Northworks Properties. The company continues to make a profit and despite the present downturn in the real estate market receives rental revenues, as of December 2008, in excess of those received in three of the four years of which I have been provided such figures. Also, despite the differences of opinions as to the advisability of dissolution there has not been presented evidence that any deadlock “in the management of the corporate affairs” exists. The business of the corporation is the management and leasing of real properties, a function that has, up until now, been done successfully. I do not find that, because the business is doing less well than times in the past, that this is proof that “irreparable injury to the corporation is threatened or being suffered.”[4]
The decision of Constantine v. Lawnicki, 22 Mass. L. Rptr. 745, 2007 WL 2429721, does have similar facts and was decided under G.L.c. 156D, §14.30. The court in Constantine expressly found, however that in the two-man vending machine service company “the directors appear deadlocked in the management of the corporate affairs” and that “irreparable injury to the corporation certainly is threatened.” In this case, upon the record submitted at the Motion Hearing, I do not make similar findings. Even after the Constantine court’s conclusion that “dissolution of Patio Vending Services, Inc. for deadlock... may well be warranted,” the court deferred any final decision for at least 30 days to give the parties further time to agree upon “a less draconian resolution.”
I find that plaintiff has not established by credible evidence that the parties are deadlocked in the management of the corporation’s affairs or that irreparable injury to the corporation is threatened or being suffered at this time. Accordingly, plaintiffs Motion to Appoint a Receiver is DENIED. As circumstances could change rapidly, this denial is made without prejudice to the filing of future motions if warranted.

The court was not provided with any figures relating to rentals for 2007.

Both parties raised at hearing the motives of the other in regard to potential sale. Mariani states Kerkorian’s position results not from actual irreparable damage to the corporation, but instead to his current need for funds to comply with divorce orders. Kerkorian counters that Mariani’s reluctance to sell is grounded in his current tax position that would be impacted by a sale. This Court does not find said motivations to be relevant to the issues presented.

Petitioner’s counsel stated on behalf of his client at the motion hearing that “she is saying, 1 am not getting any money out of this. I own half of it. Let’s sell it, and I will take my half and go to California,’ and she’s got a right to do that.”

At the Motion Hearing counsel for the defendant represented that Kerkorian and Mariani are partners in another commercial building located in the same general area of Worcester as the Northworks Properties and that that building is doing very well in this market. This fact was dismissed by plaintiffs counsel as involving a different type of business having different tenants (e.g. medical services).