Lu, John T., J.
The petitioner, Peter Bontos (Petitioner) , seeks judicial dissolution of Rowley Auto Parts, Inc. pursuant to G.L.c. 156D, §14.30.[2] The respondent, Michael Bontos (Respondent) objects. The Petitioner moves for summary judgment. There is a material issue of fact as to whether deadlock is occurring thus requiring denial of the motion for summary judgment.
BACKGROUND
The Petitioner and Respondent (collectively, the Brothers) are the sole shareholders of the corporation, each owning a fifty percent interest.[3] The Petitioner, Respondent, and their mother, Ruby Bontos (Mother) are the corporation’s directors.[4] The corporation’s major asset is land in Rowley, Massachusetts (Land), which is valued at more than $2,000,000. For at least two years, the Brothers have been unable to sell or lease the Land.
While the Brothers agree that the property should be sold, they disagree as to the method of sale, the listing price, the Land’s value for buyout purposes, the distribution of sale proceeds, and other details surrounding the sale. The discord has prevented the Brothers from progressing with a sale.
According to the Petitioner, this discord constitutes director deadlock, which the shareholders cannot break. The Petitioner argues that because the deadlock has forestalled the sale, the Corporation faces irreparable injury as the Land is a wasting asset which must be promptly sold. The Respondent disputes the existence of a deadlock as well as irreparable injury.
DISCUSSION
Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Casseso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not bear the burden of proof at trial, it must either submit affirmative evidence negating an essential element of the non-moving parly’s claim, or demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourovacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Pederson, 404 Mass. at 17.
Pursuant to G.L.c. 156D, §14.30(2)(i), the Superior Court may dissolve a corporation “upon a petition by the shareholders holding not less than 40 per cent of the total combined voting power of all the shares of the corporation’s stock outstanding and entitled to vote on the question of dissolution, if it is established that: (i) the directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock, and irreparable injury to the corporation is threatened or being suffered . . .”[5]
Deadlock
The Petitioner argues that the Brothers’ disagreement over the details of the sale amounts to deadlock in the management of corporate affairs. At the outset, the court notes that because the Mother is medically incompetent to act as a director, the issue of director deadlock must be analyzed as between the Petitioner and Respondent.[6] Although the Brothers agree to sell the property, there is significant disagreement over aspects of the sale. For example, despite the Respondent’s willingness to list the property at one of three proposed prices, the Brothers cannot agree on a listing price. Disagreement over the costs incurred for updating licenses, procuring a wetland survey, and paying taxes and other expenses has generated further discord. The parties also disagree on a buyout price and the payment of corporate expenses. This discord, which has existed for at least two years, has forestalled a sale.
This significant discord can constitute director deadlock. See Conklin v. Perdue, 15 Mass. L. Rptr. 283, *15 (Mass.Super. 2002) (parties’ refusals to consent to any actions by other resulted in director deadlock); Foster v. Foster Farms, Inc., 436 S.E.2d 843, 848 (N.C.App. 1993). The two-man nature of the business intensifies this potential for deadlock. See Constantine v. Lawnicki, 22 Mass. L. Rptr. 745, *1-2 (Mass.Super. 2007) (although dispute appeared minor, two-man nature of business resulted in director deadlock in management of corporate affairs). Because the Brothers are also the sole shareholders, the court concludes that the shareholders have, so far, been unable to break the deadlock. Id. at *2. However, this is not the end of the inquiry in which this court is required to engage. Simply stated, the Respondent’s response to *608 the Petitioner’s statement of undisputed facts (as well as the Respondent’s affidavit) creates material issues of fact as to whether there is a deadlock within the meaning of G.L.c. 156D, §14.30. This court is not entitled to lightly conclude that there is a deadlock for purposes of a petition to dissolve the Corporation.
ORDER
The Petitioner, Peter Bontos’s, motion for summary judgment (paper #8) is DENIED. The court accepts the Brothers’ claims that they act in good faith. Therefore, the clerk will schedule this short matter, which the court assumes is a non-juiy case, for the earliest available trial. Simultaneously the court refers this case to Mr. James McCormack for mediation to a possible settlement.

The Petitioner also seeks the appointment of a receiver/commissioner to liquidate the corporation’s assets. The Respondent objects to the appointment of a receiver/commissioner.

The parties are brothers.

Although the Mother is a director, she is medically incompetent to act as such. The Mother has suffered from dementia since 2005, and according to her physician, she is unable to make financial decisions related to her duties as a director.

It is undisputed that the Petitioner holds the requisite forty-percent voting power and is entitled to vote on the-question of dissolution.

The Respondent argues that the Mother is medically competent and that her failure to allege a deadlock refutes the existence of a deadlock. However, even if the Mother were medically competent, she provided an assent at the March 2007 meeting. Although the Mother did not attend the meeting, there was a quorum and those present were deadlocked as to the details of the sale.