SPURGEON FOSTER, JR. v. FOSTER FARMS, INC., AND JERRY FOSTER

No. 9222SC1034

(Filed 7 December 1993)

1. **Corporations § 214 (NCI4th)— judicial dissolution—director deadlock—evidence sufficient**

The trial court did not abuse its discretion by finding, when sitting without a jury, that the directors of a corporation were deadlocked and that grounds for dissolution of the corporation existed under N.C.G.S. § 55-14-30(2)(i) where there were two stockholders who were also the two directors of a farming business; the stockholders and directors were brothers; the corporation had two main areas of operation, grain and hogs, each run by one brother; plaintiff testified that he believes that the corporation should borrow money to prepay certain operating expenses, buy and resell equipment, and participate in the futures market; defendant testified that he believes that the corporation should borrow money only as a last resort; the corporation's bylaws state that no loans may be contracted on the corporation's behalf unless authorized by a resolution of the board of directors; because plaintiff and defendant are the only directors and they cannot agree on when the corporation should borrow money, the corporation cannot borrow money at all; and plaintiff borrowed money in his own name on three occasions and used the borrowed money to benefit the grain side of the business. While the corporation is profitable, pays its bills on time, and conducts its everyday operations without incident, there was other competent evidence to support the finding that the corporation's business could not be conducted to the advantage of the shareholders generally in that both the corporation and defendant enjoyed the benefits of plaintiff's borrowing strategies while avoiding the attendant risks.

**Am Jur 2d, Corporations §§ 2758 et seq.**

2. **Corporations § 214 (NCI4th)— judicial dissolution—protection of plaintiff's rights or interests—findings not sufficient**

The trial court, sitting without a jury, made insufficient findings to support its conclusion that a corporate dissolution was reasonably necessary to protect plaintiff's rights or in-

FOSTER v. FOSTER FARMS, INC.

[112 N.C. App. 700 (1993)]

terests where the court simply found that "liquidation is reasonably necessary for the protection of the interests of the complaining shareholder" and failed to make any of the findings required under *Meiselman v. Meiselman*, 309 N.C. 279. N.C.G.S. § 55-14-30(2)(ii).

**Am Jur 2d, Corporations §§ 2758 et seq.**

3. **Corporations § 214 (NCI4th) — judicial dissolution — deadlocked shareholders — evidence sufficient**

There was sufficient evidence for the trial court to find grounds for dissolving a corporation under N.C.G.S. § 55-14-30(2)(iii) because the shareholders were deadlocked and have failed for two years to elect successor directors for those whose terms have expired where plaintiff testified that they had not had formal corporate board of directors meetings since the inception of the corporation in 1981 and defendant testified that there had been one such meeting several years back, but he could not remember exactly what year that was. This evidence is sufficient to support the trial court's finding that the shareholders are deadlocked and have failed to elect directors over a two year period; when the only two shareholders of a corporation also comprise its board of directors and the two shareholders/directors hold conflicting philosophies on how to operate and manage the business, there is no need to show that formal board of directors meetings were held to attempt to elect new directors.

**Am Jur 2d, Corporations §§ 2758 et seq.**

4. **Corporations § 214 (NCI4th) — judicial dissolution — exercise of discretion**

The trial court did not abuse its discretion by ordering a corporate dissolution, even though dissolution would create a significant tax liability for the parties, where it was clear from the court's comments that the trial court carefully weighed the consequences of each course of action it was authorized to take before deciding to liquidate the corporation.

**Am Jur 2d, Corporations §§ 2758 et seq.**

5. **Corporations § 213 (NCI4th) — judicial dissolution — buy-out rights not allowed — no error**

The trial court did not err in refusing to allow defendant corporation to exercise its mandatory buy-out rights under

FOSTER v. FOSTER FARMS, INC.

[112 N.C. App. 700 (1993)]

N.C.G.S. § 55-14-31(d) after determining that dissolution would be appropriate. That statute applies only to dissolutions granted under N.C.G.S. § 55-14-30(2)(ii) and those grounds for dissolution did not exist here.

**Am Jur 2d, Corporations §§ 2737 et seq.**

6. **Corporations § 213 (NCI4th) — judicial dissolution — valuation hearing — not required**

The trial court did not err by not holding a hearing on the valuation of defendant corporation's stock and assets after ordering dissolution of the corporation as allegedly contemplated in a pretrial order where the pretrial order stipulated that the only issue to be decided was whether the corporation should be dissolved and does not require that a subsequent valuation hearing be held. The court must direct the winding up and liquidation of the corporation's business and affairs when it enters a decree of dissolution; specific problems regarding implementation of the dissolution order, including valuation of assets, can be brought to the attention of the trial court by motion as the problems arise.

**Am Jur 2d, Corporations §§ 2737 et seq.**

Appeal by defendants from judgment entered 20 March 1992, *nunc pro tunc* 10 February 1992 by Judge William Z. Wood, Jr. in Davie County Superior Court. Heard in the Court of Appeals 29 September 1993.

Foster Farms is a profitable farming business with net assets of over $1,000,000 and retained earnings of $318,257. It was incorporated in 1981 by two brothers, Spurgeon and Jerry Foster. They are the only shareholders in the corporation and each owns 50% of the stock. Foster Farms' two main areas of operation are grain and hogs. Plaintiff runs the grain operation and defendant Foster runs the hog operation.

Over time, the brothers have developed different philosophies on how to run the corporation. Plaintiff believes that the corporation should borrow money to participate in the futures market, to cover operating expenses, and to take advantage of various business opportunities. Defendant, however, believes that the corporation should borrow money only as a last resort and will not allow plaintiff to borrow money in the corporation's name. In March

**FOSTER v. FOSTER FARMS, INC.**

[112 N.C. App. 700 (1993)]

1991, plaintiff filed this action for judicial dissolution under G.S. 55-14-30.

On 20 March 1993, after a bench trial, the trial court entered a judgment ordering dissolution and liquidation of the corporation. The relevant parts of the trial court's judgment are as follows:

FINDINGS OF FACT

. . . .

5. That the Board of Directors of the corporation or those in control of the corporation are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock.

6. That irreparable injury to the corporation is being threatened because of the inability of the corporation to borrow money to meet its operating expenses due to the deadlock in the management of the corporation.

7. That the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally because of the deadlock.

8. That liquidation is reasonably necessary for the protection of the interest of the complaining shareholder.

9. That the shareholders are deadlocked in voting power and have failed, for a period that includes two consecutive annual meeting dates, to elect successors to directors whose terms have expired.

10. That if the Court denies the request for liquidation, irreparable injury is likely to occur to the corporation due to the deadlock between the shareholders and directors of those in control of the corporation concerning the operation of the business and affairs of the corporation.

11. That grounds exist pursuant to North Carolina General Statute 55-14-30 for the Court to dissolve the corporation.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT MAKES THE FOLLOWING:

FOSTER v. FOSTER FARMS, INC.

[112 N.C. App. 700 (1993)]

CONCLUSIONS OF LAW

. . . .

2. That the Board of Directors of the corporation or those in control of the corporation are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock.

3. That irreparable injury to the corporation is being threatened because of the inability of the corporation to borrow money to meet its operating expenses due to the deadlock in the management of the corporation.

4. That the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally because of the deadlock.

5. That liquidation is reasonably necessary for the protection of the rights and interests of the complaining shareholders and of the rights and interest of the shareholders generally of the corporation.

6. That the shareholders are deadlocked in voting power and have failed for a period that includes two consecutive annual meeting dates, to [elect] successors to directors whose terms have expired.

7. That if the Court denies the request for liquidation, irreparable injury is likely to occur to the corporation due to the deadlock between the shareholders and directors of those in control of the corporation concerning the operation of the business and affairs of the corporation.

8. That grounds exist pursuant to North Carolina General Statute 55-14-30 for the Court to dissolve the corporation.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1) Judgment be entered in favor of plaintiff and that a decree dissolving the corporation be entered in this matter with the effective date of February 13, 1992.

2) The Clerk of Superior Court of Davie County is hereby ordered to deliver a certified copy of this decree to the Secretary of State for filing; and

3) The corporation is to be liquidated pursuant to the terms of the North Carolina General Statute 55-14-05 and North Carolina General Statute 55-14-06 and 55-14-07.

Defendants appeal.

*White and Crumpler, by Dudley A. Witt and Teresa L. Hier, for plaintiff-appellee.*

*Robinson, Bradshaw & Hinson, P.A., by D. Blaine Sanders, for defendant-appellant Foster Farms, Inc.*

*William E. West, Jr., for defendant-appellant Jerry Foster.*

EAGLES, Judge.

Defendants appeal from the trial court's 20 March 1992 judgment ordering the dissolution and liquidation of defendant corporation under G.S. 55-14-30(2). Defendants' ten assignments of error can be grouped into four main contentions. Defendants contend that: (1) grounds for dissolution under G.S. 55-14-30 do not exist here; (2) if grounds for dissolution exist under G.S. 55-14-30, the trial court abused its discretion in ordering the dissolution of defendant corporation; (3) the trial court erred in refusing to allow defendant corporation to exercise its mandatory buy-out rights under G.S. 55-14-31(d); and (4) the trial court erred in refusing to hold a hearing on the valuation of defendant corporation's assets and stock. After careful review, we conclude that grounds for judicial dissolution of Foster Farms, Inc. exist under G.S. 55-14-30(2)(i) & (iii), but that the trial court erred in concluding that grounds for dissolution under G.S. 55-14-30(2)(ii) have been established. We also conclude that the mandatory buy-out provision of G.S. 55-14-31(d) does not apply to judicial dissolutions granted under G.S. 55-14-30(2)(i) or (iii).

We note at the outset that this is the first case requiring us to apply the judicial dissolution provisions of the "new" 1990 North Carolina Business Corporation Act. 1989 N.C. Sess. Laws ch. 265, § 1. We also note that we are dealing with a close corporation in which there are only two shareholders who each own 50% of the stock.

I.

[1] Defendants first contend that the trial court abused its discretion in ordering the dissolution of defendant corporation under

FOSTER v. FOSTER FARMS, INC.

[112 N.C. App. 700 (1993)]

G.S. 55-14-30. G.S. 55-14-30(2) provides that a trial court may dissolve a corporation in a proceeding by a shareholder if it finds that:

> (i) the directors or those in control of the corporation are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock, and irreparable injury to the corporation is threatened or being suffered, or the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally, because of the deadlock; (ii) liquidation is reasonably necessary for the protection of the rights or interests of the complaining shareholder; (iii) the shareholders are deadlocked in voting power and have failed, for a period that includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired. . . .

The decision whether to grant dissolution is within the trial court's discretion even though grounds for dissolution are found to exist under the statute. G.S. 55-14-30 Official Comment; Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 28.10 at 473 (1990). Here, the trial court concluded that grounds for dissolution existed under each of these three subdivisions and then ordered dissolution. Defendants contend that there is insufficient evidence to support a finding that grounds existed under any of these subdivisions. We disagree. We hold that grounds for judicial dissolution exist under G.S. 55-14-30(2)(i) and (iii), but not under G.S. 55-14-30(2)(ii).

A.

Dissolution may be ordered under G.S. 55-14-30(2)(i) if 1) there is a deadlock among the directors in the management of the corporation; 2) the shareholders are unable to break the deadlock; and 3) the corporation is suffering or in danger of suffering irreparable injury, or is no longer able to conduct its business to the advantage of the shareholders generally. For dissolution to be an available remedy under G.S. 55-14-30(2)(i), all three conditions must be met. Defendants argue that the first and third conditions have not been met. We disagree.

Since the parties agreed to a bench trial, the trial court's findings of fact have the weight of a jury verdict and are conclusive on appeal if supported by competent evidence. This is true even though the evidence might also sustain findings to the contrary.

*Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). Here, there is sufficient competent evidence to support the trial court's finding of deadlock. Plaintiff testified that he believes that the corporation should borrow money to prepay certain operating expenses, buy and resell equipment, and participate in the futures market. Defendant testified that he believes that the corporation should borrow money only as a last resort. The corporation's bylaws state that no loans may be contracted on the corporation's behalf unless authorized by a resolution of the board of directors. Plaintiff and defendant are the only directors, and since they cannot agree when the corporation should borrow money, the corporation cannot borrow money at all. Plaintiff testified that on at least three previous occasions when defendant would not allow plaintiff to borrow money in the corporation's name, he borrowed money in his own name and used the borrowed money to benefit the grain side of the business. Defendants argue that this evidence does not show deadlock in the management of the corporation's affairs but only shows disagreement and miscommunication. However, deciding when, if, and how the corporation should borrow money is a major management decision and the parties are clearly deadlocked on this issue. Accordingly, we conclude that there is sufficient evidence to support a finding of deadlock in the management of the corporation's affairs.

A finding of director deadlock is not grounds for dissolution under G.S. 55-14-30(2)(i) unless there is also a finding either that irreparable injury is being threatened or suffered by the corporation, or that its business and affairs can no longer be conducted to the advantage of the shareholders generally. G.S. 55-14-30(2) Official Comment 2a; *Ellis v. Civic Improvement, Inc.*, 24 N.C. App. 42, 47, 209 S.E.2d 873, 876 (1974). The only North Carolina case determining whether the affairs of the corporation can be conducted to the advantage of the shareholders is *Ellis v. Civic Improvement, Inc., supra.*

In *Ellis*, the plaintiff sued for liquidation under former G.S. 55-125(a)(1), which allowed dissolution if "the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, so that the business can no longer be conducted to the advantage of all the shareholders." Plaintiff and defendant were the only two shareholders in the corporation, and the board of directors consisted of plaintiff, defendant, and both their wives. Plaintiff alleged that when the corporation

was formed, he and defendant were to use the corporation's building to carry on their profession. Plaintiff, a dentist, rented 600 square feet and paid $180 per month as rent. Defendant, a medical doctor, rented 1200 square feet and paid $360 per month. When plaintiff left two years later to practice in Chapel Hill, defendant took control of the corporation and paid the same $360 per month to rent the whole building. Plaintiff could not change this policy because he and defendant were deadlocked in voting power. This Court upheld the trial court's order of liquidation under former G.S. 55-125(a)(1) stating that "[I]f [defendant] continues to set his own rent for the entire building at the same amount he was paying in 1968 for two-thirds of the space, the corporation cannot be operated to the advantage of all the stockholders." *Id.* at 47, 209 S.E.2d at 876. Accordingly, we hold that in order to show that the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally under G.S. 55-14-30(2)(i), there must be some showing that the business is being conducted to the unfair advantage of one shareholder or group of shareholders, or that a shareholder or group of shareholders is benefitting at the expense of the others.

Defendants argue that the corporation's business is being conducted to the advantage of the shareholders because the corporation is profitable, pays its bills on time, and conducts its everyday operations without incident. While these are factors to be considered, there was other competent evidence to support the trial court's finding that the corporation's business could not be conducted to the advantage of the shareholders generally. The trial court's findings of fact are conclusive on appeal if supported by competent evidence. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). The evidence shows that plaintiff and defendant are the only two shareholders in the corporation, and that it is plaintiff's responsibility to run the grain operation. Plaintiff's income comes entirely from the profits of the grain operation and fluctuates accordingly. Plaintiff testified that he cannot successfully run the grain operation without borrowing money to take advantage of certain business opportunities. Since he and defendant were deadlocked on when to borrow money, plaintiff borrowed money on three prior occasions in his own name and at his own risk for the benefit of the corporation. Although defendant did not approve of plaintiff's borrowing strategies, he indirectly benefitted from the success of those strategies when plaintiff used

those funds for the corporation. In sum, both the corporation and defendant enjoyed the benefits of plaintiff's borrowing strategies while avoiding the attendant risks. Defendant is benefitting at the expense of plaintiff because plaintiff is assuming all the risks associated with borrowing money, while defendant and the corporation are sharing only the benefits. Accordingly, there is sufficient evidence to support the trial court's finding that the business affairs of the corporation can no longer be conducted to the advantage of the shareholders generally. Accordingly, we agree with the trial court that grounds for dissolution exist under G.S. 55-14-30(2)(i).

## B.

[2] The trial court also found that liquidation was reasonably necessary for the protection of the plaintiff's rights or interests. G.S. 55-14-30(2)(ii). G.S. 55-14-30(2)(ii) is identical to former G.S. 55-125(a)(4). The North Carolina Supreme Court discussed G.S. 55-125(a)(4) extensively in *Meiselman v. Meiselman*, 309 N.C. 279, 307 S.E.2d 551 (1983). In *Meiselman, supra,* the Court set out the analysis a trial court should follow in determining whether to order dissolution under former G.S. 55-125(a)(4). The Court held that a trial court must first define the "rights or interests" the complaining shareholder has in the corporation. It must then determine whether some form of relief is reasonably necessary to protect those rights and interests. *Id.* at 301, 307 S.E.2d at 563. The Court broadly defined "rights or interests" in a close corporation to include the complaining shareholder's "reasonable expectations" in the corporation. These "reasonable expectations" are to be determined by examining the entire history of the participants' relationship, including the "reasonable expectations" created at the inception of the relationship and as they have been altered over time. *Id.* at 298, 307 S.E.2d at 563. The Court held that in order for the complaining shareholder to succeed under the "reasonable expectations" analysis, he must prove that:

> (1) he had one or more substantial reasonable expectations known or assumed by the other participants; (2) the expectation has been frustrated; (3) the frustration was without fault of plaintiff and was in large part beyond his control; and (4) under all of the circumstances of the case, plaintiff is entitled to some form of equitable relief.

*Id.* at 301, 307 S.E.2d at 564. *See also, Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 330 S.E.2d 649 (1985) (affirming the trial

court's order.of dissolution after applying the analysis of *Meiselman* to the trial court's findings of fact).

We note that *Meiselman* is factually different from the instant case because the two brothers in *Meiselman* owned unequal shares of stock. The plaintiff in *Meiselman* was a minority shareholder who owned only 29.82% of the total shares of the family corporation. Although plaintiff here is not a minority shareholder, the guiding principles of *Meiselman* apply. The trial court here failed to make any of the findings required under *Meiselman*. The trial court simply found that "liquidation is reasonably necessary for the protection of the interests of the complaining shareholder." Accordingly, we hold that the trial court's findings of fact are not sufficient to support its conclusion that grounds for dissolution exist under G.S. 55-14-30(2)(ii).

## C.

[3] The trial court also found that grounds for dissolution existed under G.S. 55-14-30(2)(iii). G.S. 55-14-30(2)(iii) provides that dissolution may be ordered if "the shareholders are deadlocked in voting power and have failed, for a period that includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired." G.S. 55-14-30(2)(iii). Dissolution under subdivision (iii) is not dependent on a finding of irreparable injury or misconduct by the directors. G.S. 55-14-30(2)(iii) Official Comment 2a. This remedy is said to be particularly important in small family-held corporations where share ownership may be divided on a 50-50 basis. *Id.*

There is sufficient competent evidence here to support the trial court's finding of shareholder deadlock. Plaintiff testified that they had not had formal corporate board of directors meetings since the inception of the corporation in 1981. Defendant testified that there had been one such meeting several years back, but he could not remember exactly what year that was. This evidence is sufficient to support the trial court's finding that the shareholders are deadlocked and have failed to elect directors over a two year period. G.S. 55-14-30(2)(iii) does not require that any meetings actually be held or be attempted. Apparently, the inability of the shareholders to break the deadlock and elect directors may be shown in any manner. Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 28.10 at 475 (1990). When the only two shareholders of a corporation also comprise its board of direc-

FOSTER v. FOSTER FARMS, INC.

[112 N.C. App. 700 (1993)]

tors and the two shareholders/directors hold conflicting philosophies on how to operate and manage the business, there is no need to show for purposes of G.S. 55-14-30(2)(iii) that formal board of directors meetings were held to attempt to elect new directors. Accordingly, we agree with the trial court that grounds for dissolution exist under G.S. 55-14-30(2)(iii).

## D.

[4] Defendants contend that even if the trial court was correct that grounds for dissolution exist, the trial court abused its discretion in ordering dissolution on this record. We disagree. Once grounds for dissolution have been established under the statute, the trial court must "exercise its equitable discretion, and consider the actual benefit and injury to [all of] the shareholders resulting from dissolution." *Meiselman v. Meiselman*, 309 N.C. 279, 297, 307 S.E.2d 551, 562 (1983). Defendants argue that dissolution is inappropriate because it will create significant tax liability for both parties. Defendants also argue that the corporation is a profitable family business that should not be dissolved. The trial court considered these arguments but in its oral ruling from the bench stated:

> But, gentlemen, the choices I have is to leave them together fighting each other, which is not going to work, or to allow the dissolution and maybe they can cut their losses and go on and rebuild at this time. That's the only choices I see. It's probably better to do that. . . . But I will rule if I leave them together and deny the motion to liquidate, they will fight each other and destroy the corporation, which is in the long run and may be worse because they will have stress on their families and more court proceedings. . . .

It is clear from these comments from the bench that the trial court carefully weighed the consequences of each course of action it was authorized to take before deciding to liquidate the corporation. Accordingly, we conclude that there is no abuse of discretion.

## II.

[5] Defendants also contend that the trial court erred in refusing to allow defendant corporation to exercise its mandatory buy-out rights under G.S. 55-14-31(d). G.S. 55-14-31(d) provides that:

> In any proceeding brought by a shareholder under G.S. 55-14-30(2)(ii) in which the court determines that dissolution

FOSTER v. FOSTER FARMS, INC.

[112 N.C. App. 700 (1993)]

would be appropriate, the court shall not order dissolution if, after such determination, the corporation elects to purchase the shares of the complaining shareholder at their fair value, as determined in accordance with such procedures as the court may provide.

G.S. 55-14-31(d) applies only to dissolutions granted under G.S. 55-14-30(2)(ii). *See also*, G.S. 55-14-31(d) North Carolina Commentary. Since we have held that grounds for dissolution do not exist under G.S. 55-14-30(2)(ii), we accordingly hold that the trial court was correct in concluding that defendant corporation is not entitled to buy out plaintiff's shares under G.S. 55-14-31(d).

III.

[6] Finally, defendants contend that the trial court erred in not holding a hearing on the valuation of defendant corporation's stock and assets as contemplated in the trial court's pretrial order. Defendants argue that the parties stipulated in the pretrial order that the only issue to be decided was whether the corporation should be dissolved. Accordingly, defendants contend that the pretrial order was the law of the case, and that the trial court was required to hold a valuation hearing. We are not persuaded.

The pretrial order does not require that a subsequent valuation hearing be held. It does stipulate that the only issue to be decided is whether the corporation should be dissolved. G.S. 15-14-33(a) provides that once the trial court determines that grounds for dissolution exist under G.S. 55-14-30, it may enter a decree of dissolution. When the court enters a decree of dissolution, it must then direct the winding up and liquidation of the corporation's business and affairs in accordance with G.S. 55-14-05, G.S. 55-14-06, and G.S. 55-14-07. G.S. 55-14-33(b). This is precisely what the trial court did here. The trial court was not required to hold a hearing on the valuation of the corporation's stocks and assets prior to entering its dissolution order. Any specific problems regarding implementation of the dissolution order, including valuation of the corporation's assets, can be brought to the attention of the trial court by motion as the problems arise. This assignment of error is overruled.

For the reasons stated above, the judgment of the trial court is affirmed.

Affirmed.

Judges ORR and GREENE concur.