DAVID F. BRADLEY, INDIVIDUALLY, AND AS MINORITY SHAREHOLDER OF LAURA SEGAL & ASSOCIATES, INC., PLAINTIFF v. LAURA F. BRADLEY, INDIVIDUALLY, AND AS MAJORITY SHAREHOLDER OF LAURA SEGAL & ASSOCIATES, INC., AND LAURA SEGAL AND ASSOCIATES, INC., DEFENDANT

No. COA09-1074

(Filed 3 August 2010)

1. **Civil Procedure— setting order aside—voluntary dismissal—claims contained in counterclaim**

    The trial court did not abuse its discretion in setting aside plaintiff's voluntary dismissal of his claims seeking the judicial dissolution of Laura Segal & Associates, Inc. and the appointment of a receiver pursuant to Chapter 55 of the North Carolina General Statutes. Defendant's counterclaim asserted these same claims and was filed before plaintiff's notice of voluntary dismissal. Thus, plaintiff did not have the right to withdraw his claims without defendant's consent.

2. **Corporations— judicial dissolution—summary judgment—no genuine issue of material fact**

    The trial court did not err in granting summary judgment on the issue of judicial dissolution of Laura Segal & Associates, Inc. (LSA). Pleadings of both parties asserted facts that supported the dissolution of LSA and there were no genuine issues of material fact as to whether the liquidation of LSA was reasonably necessary for the protection of the rights and interests of the parties.

3. **Corporations— appointment of a receiver—reasonably necessary—summary judgment**

    The trial court did not abuse its discretion in appointing a receiver to wind up and/or liquidate Laura Segal & Associates, Inc. (LSA). As there was no genuine issue of material fact regarding whether dissolution of LSA was reasonably necessary for the

BRADLEY v. BRADLEY

[206 N.C. App. 249 (2010)]

protection of the rights and interests of the parties, the trial court's appointment of a receiver to wind up and/or liquidate defendant LSA was not manifestly unsupported by reason.

Appeal by plaintiff from Orders entered 21 October 2008 and 29 December 2008 by Judge Robert P. Johnston and Judge Richard D. Boner, respectively, in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 February 2010.

*Horack, Talley, Pharr & Lowndes, PA., by Keith B. Nichols, for plaintiff-appellant.*

*James, McElroy & Diehl, P.A., by Amy E. Simpson, for defendant-appellees.*

STEELMAN, Judge.

Where defendant had asserted counterclaims seeking the judicial dissolution of Laura Segal & Associates, Inc. (LSA), and the appointment of a receiver pursuant to Chapter 55 of the North Carolina General Statutes, the trial court did not err in setting aside plaintiff's voluntary dismissal of the same claims contained in his complaint. Where the pleadings of both parties asserted facts that supported the dissolution of LSA, the trial court did not err in appointing a receiver to wind up or liquidate LSA.

## I.  Factual and Procedural Background

David F. Bradley (plaintiff) and Laura L. Bradley (defendant) are husband and wife, but are separated. Both are employees and shareholders of defendant LSA, a corporation organized and existing under the laws of North Carolina. LSA is a legal recruiting firm with offices in New York and Charlotte.

Defendant originally incorporated LSA in North Carolina on 7 August 1998, and owned 100% of the company. The parties married on 16 June 2001. After completing his M.B.A. in 2003, plaintiff began full-time employment with LSA. A series of stock transfers and corporate restructuring from 2004 to 2006 resulted in defendant owning 51% of the stock of LSA, and plaintiff owning 49% of the stock.

Defendant has been primarily responsible for the legal recruiting, hiring, training, marketing, and human resource tasks of LSA. She also serves as President and sole director of LSA.

BRADLEY v. BRADLEY

[206 N.C. App. 249 (2010)]

While plaintiff serves as Vice-President and Chief Operating Officer, the parties disagreed about plaintiff's role in LSA and whether his services added to the worth of the company. They agree, however, that plaintiff was involved in the day-to-day operations and administration of LSA, was responsible for accounts payable and receivable and information technology, worked with LSA's accountant on state and federal tax matters for the company, and installed and maintained various computer and software components for the company, including the company's accounting and database software.

On 6 July 2006, plaintiff and defendant welcomed the birth of twin daughters. However, marital discord soon developed, has continued since early 2008, and this discord eventually spilled over into the management of LSA. Defendant alleged that plaintiff misappropriated corporate funds, and actively denied her adequate access to the books, records, and accounting software of LSA. She also alleged that plaintiff has used his access to LSA's e-mail system to access defendant's e-mails, including e-mails between her and her attorneys.

Plaintiff asserted that he was advised by counsel to deny defendant "unfettered access" to LSA's accounting software and its Encore database. Plaintiff admitted that as a result of his access to LSA's e-mails, he read one e-mail communication between defendant and her attorneys. Plaintiff asserts that defendant is trying to freeze him out of LSA, usurp the intellectual property of LSA, and his denial of access to the corporate books and records of LSA was motivated by fear that defendant would terminate his employment with LSA.

On 12 August 2008, plaintiff filed a verified complaint asserting three claims for relief: (1) judicial dissolution of LSA pursuant to N.C. Gen. Stat. § 55-14-30; (2) appointment of one or more receivers for LSA pursuant to N.C. Gen. Stat. § 55-14-31 and § 55-14-32 to "wind up and liquidate, or to manage, the business and affairs of Defendant Corporation[;]" and (3) monetary damages for breach of fiduciary duty, duty of good faith, and duty of loyalty and due care. The complaint affirmatively alleged that liquidation of LSA was necessary to protect plaintiff's rights and interests, that dissolution was the only method which would adequately address the harm to plaintiff, and that the appointment of a receiver was appropriate to either perform these tasks or to manage the business affairs of LSA.

The verified complaint also prayed that the trial court enter a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining defendants from: (1) conducting a meeting

at which the rights, position, or ownership interest of plaintiff in LSA would be in any way changed, modified, or affected; and (2) initiating or participating in any act or omission that would alter the rights, positions, or ownership interest of plaintiff.

On 14 August 2008, an Order was filed granting a temporary restraining order by consent, which prohibited both plaintiff and defendant from taking any of the aforementioned actions with respect to one another. It also proscribed the transfer of any LSA funds or assets for the personal use of either party, and proscribed any disbursement of any unauthorized funds to either party.

On 21 August 2008, defendant filed a verified answer and counterclaims. In her counterclaims, defendant asserted two alternative claims for relief: (1) dissolution and liquidation of LSA pursuant to N.C. Gen. Stat. § 55-14-30; or (2) the judicial appointment of a receiver to "wind up and liquidate" the business and affairs of defendant LSA pursuant to N.C. Gen. Stat. §§ 55-14-31 and 55-14-32. Defendant also filed a Motion for Judgment on the Pleadings.

On 28 August 2008, a second Consent Order extending the temporary restraining order was entered. That same day, plaintiff filed a notice of voluntary dismissal as to his first and second claims for relief, without prejudice. On 11 September 2008, an Order was entered granting plaintiff's Motion for Preliminary Injunction, which prohibited either party from taking any action that would affect the rights, position, or ownership interest of either party, and established a procedure allowing the management of LSA's accounts receivable and payable without the parties having to directly interact with each other.

On 6 October 2008, defendant filed an amended motion to set aside plaintiff's voluntary dismissal pursuant to N.C.R. Civ. P. 60(b) as being void *ab initio* because defendant had sought the identical relief in her counterclaim. On 21 October 2008, plaintiff filed a reply to defendant's counterclaims and motions in which he denied that dissolution and liquidation of LSA was reasonably necessary for the protection of the rights or interests of both parties. On 21 October 2008, an Order was entered setting aside plaintiff's voluntary dismissal of his first two claims for relief.

On 26 November 2008, defendant filed a Motion for Summary Judgment upon her counterclaims for judicial dissolution or the appointment of a receiver to wind up and liquidate the business and

affairs of LSA. On 29 December 2008, an Order Granting Partial Summary Judgment was entered in favor of defendant, and a receiver appointed to wind up and/or liquidate LSA pursuant to Chapter 55 of the North Carolina General Statutes.

On 5 January 2009, plaintiff voluntarily dismissed his Third Claim for Relief without prejudice. Plaintiff appeals the orders setting aside the voluntary dismissal of his first two claims for relief and granting summary judgment on defendant's counterclaims. On 23 January 2009, the trial court granted plaintiff's Motion to Stay Proceedings during the pendency of plaintiff's appeal upon the posting of a bond.

## II. Final Judgment

[1] As an initial matter, we must determine whether plaintiff's appeals are interlocutory in nature, or whether further developments in the case rendered the trial court's orders a final judgment. Typically, a grant of partial summary judgment is an interlocutory order from which there is ordinarily no right of appeal because it does not completely dispose of the case. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2009); *Curl v. American Multimedia, Inc.*, 187 N.C. App. 649, 652, 654 S.E.2d 76, 78–79 (2007). Likewise, our courts have consistently held that appeals from orders allowing a Rule 60 motion are interlocutory. *Robinson v. Gardner*, 167 N.C. App. 763, 767, 606 S.E.2d 449, 452, *cert. denied*, 359 N.C. 322, 611 S.E.2d 417 (2005).

The trial court's Order Granting Partial Summary Judgment to defendant disposed of all of defendant's counterclaims, as well as the first two claims in plaintiff's complaint. Plaintiff's voluntary dismissal of his remaining claim for relief on 5 January 2009 left no claims pending as to which a valid order could be entered. *Renner v. Hawk*, 125 N.C. App. 483, 489, 481 S.E.2d 370, 373, *cert. denied*, 346 N.C. 283, 487 S.E.2d 553 (1997); *see also Combs & Assocs. v. Kennedy*, 147 N.C. App. 362, 367, 555 S.E.2d 634, 638 (2001). Thus, the two orders before this Court on appeal constitute final judgments, and are subject to appellate review. N.C. Gen. Stat. § 7A-27(b) (2009).

## III. Setting Aside the Voluntary Dismissal

Plaintiff argues that the trial court erred in setting aside plaintiff's voluntary dismissal of his first two claims. We disagree.

## A. Standard of Review

In this case, the trial court set aside plaintiff's voluntary dismissal of his first and second claims for relief pursuant to N.C. R. Civ. P.

60(b)(4). Appellate review of an order ruling on a Rule 60(b) motion is limited to whether the trial court abused its discretion. *Harbin Yinhai Tech. v. Greentree Fin. Group, Inc.*, —— N.C. App. ——, ——, 677 S.E.2d 854, 861 (2009).

### B. Voluntary Dismissal

A voluntary dismissal can be considered a "proceeding" allowing relief under Rule 60(b). *Carter v. Clowers*, 102 N.C. App. 247, 252-53, 401 S.E.2d 662, 665 (1991). Rule 60(b)(4) allows for relief from a judgment, order, or proceeding when it is "void." N.C. Gen. Stat. §1A-1, Rule 60(b)(4) (2009). "In the context of Rule 60(b)(4), a judgment is void 'only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered.' " *Chandak v. Electronic Interconnect Corp.*, 144 N.C. App. 258, 262, 550 S.E.2d 25, 28 (2001) (quoting *Burton v. Blanton*, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992)) (emphasis added).

For the trial court to have properly vacated plaintiff's voluntary dismissal pursuant to Rule 60(b)(4), plaintiff cannot have had the authority to voluntarily dismiss his first two claims for relief. Ordinarily, a plaintiff may voluntarily dismiss his claims by filing a notice of dismissal at any time before he rests his case. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2009); *Carter*, 102 N.C. App. at 250, 401 S.E.2d at 664.

However, it is well established that where a defendant asserts a counterclaim arising out of the same transaction alleged in the plaintiff's complaint, plaintiff loses the right to voluntarily dismiss the allegations upon which defendant's claim is based without defendant's consent. *Swygert v. Swygert*, 46 N.C. App. 173, 176-77, 264 S.E.2d 902, 905 (1980) (citing *McCarley v. McCarley*, 289 N.C. 109, 113, 221 S.E.2d 490, 493 (1976)). *See also Gardner v. Gardner*, 48 N.C. App. 38, 44, 269 S.E.2d 630, 633–34 (1980) (holding that plaintiff-husband was deprived of his right to voluntarily dismiss his action for divorce where defendant-wife had filed a counterclaim for alimony).

In the instant case, plaintiff's first two claims for relief are virtually identical to defendant's counterclaims. Both plaintiff's verified complaint and defendant's counterclaims asserted that the opposing party was engaging in conduct that jeopardized their respective rights and interests as a shareholder in LSA, that judicial dissolution of LSA was reasonably necessary for the protection of those rights and interests, and that the appointment of a receiver to wind up or liquidate

**BRADLEY v. BRADLEY**

[206 N.C. App. 249 (2010)]

LSA was appropriate. Defendant's counterclaims clearly arise from the same transactions as plaintiff's claims.

Because defendant filed her answer and counterclaims before plaintiff filed the notice of voluntary dismissal of his first two claims, her right to have her claims adjudicated "supervened," and plaintiff no longer had the right to withdraw his first two claims without defendant's consent. *McCarley*, 289 N.C. at 113, 221 S.E.2d at 493. We find no case or statutory authority for plaintiff's contention that *McCarley* and its progeny should not be controlling where the issues presented to the court were the dissolution and liquidation of a corporation. The trial court did not abuse its discretion in setting aside plaintiff's voluntary dismissal of his first two claims.

This argument is without merit.

### IV. Liquidation of Corporation

**[2]** Plaintiff argues that the trial court erred in granting summary judgment on the issue of judicial dissolution because genuine issues of material fact existed as to whether the liquidation of LSA was reasonably necessary for the protection of the rights and interests of the parties. We disagree.

### A. Standard of Review

The standard of review for summary judgment is *de novo*. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). "If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989).

### B. Summary Judgment

"Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *Forbis*, 361 N.C. at 523-24, 649 S.E.2d at 385 (quoting N.C. Gen. Stat. 1A-1, Rule 56(c)). "If the moving party satisfies its burden of proof, then the burden shifts to the non-moving party to 'set forth specific facts showing that there is a genuine issue for trial.' " *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(e)).

"A party is bound by his pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all plead-

ings ordinarily are conclusive as against the pleader. He cannot subsequently take a position contradictory to his pleadings." *Davis v. Rigsby*, 261 N.C. 684, 686, 136 S.E.2d 33, 34 (1964). An admission in a pleading has the same effect as a jury finding, and is conclusive upon the parties and the trial judge. *Buie v. High Point Associates Ltd. Partnership*, 119 N.C. App. 155, 158, 458 S.E.2d 212, 215, *cert. denied*, 341 N.C. 419, 461 S.E.2d 755 (1995).

A non-moving party may not defeat summary judgment by presenting subsequent sworn testimony, which contradicts the prior judicial admissions of his pleadings. *Rollins v. Miller Roofing Co.*, 55 N.C. App. 158, 162, 284 S.E.2d 697, 701 (1981). Nor may he or she use mere allegations or denials to create an issue of fact and defeat summary judgment. N.C. Gen. Stat. § 1A-1, Rule 56(e) (2009); *Weeks v. N.C. Dept. of Nat. Resources and Comm. Development*, 97 N.C. App. 215, 224, 388 S.E.2d 228, 233, *cert. denied*, 326 N.C. 601, 393 S.E.2d 890, (1990); *see also Nasco Equipment Co. v. Mason*, 291 N.C. 145, 152, 229 S.E.2d 278, 283 (1976).

By appointing a receiver to "wind up and/or liquidate" LSA, the trial court effectively ordered dissolution of defendant LSA. N.C. Gen. Stat. § 55-14-30(2) provides in part that judicial dissolution of a company in a proceeding brought by a shareholder is appropriate when:

[I]t is established that (i) the directors or those in control of the corporation are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock, and irreparable injury to the corporation is threatened or being suffered, or the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally, because of the deadlock[.]

N.C. Gen. Stat. § 55-14-30(2)(i) (2009). For dissolution to be a remedy under N.C. Gen. Stat. 55-14-30(2)(i), all three conditions listed in (i) must be met. *Foster v. Foster Farms, Inc.*, 112 N.C. App. 700, 706, 436 S.E.2d 843, 847 (1993). In the instant case, plaintiff is in sole possession or has sole access to LSA's accounting software and Cluen-Encore database system, and other client-server software. Plaintiff has refused to grant defendant, the 51% majority shareholder, access to these systems. Defendant contends that plaintiff has misused corporate funds, and continues to refuse to provide her access to these systems. The parties are clearly deadlocked regarding the financial management of the company, as well as the rights of each party to access information about the company's books and financial records.

**BRADLEY v. BRADLEY**

[206 N.C. App. 249 (2010)]

*See, e.g., Foster,* 112 N.C. App. at 707, 436 S.E.2d at 848 (finding a deadlock in the management of a corporation's affairs where plaintiff and defendant were the only directors and could not agree when the corporation should borrow money, preventing the corporation from borrowing money at all).

Plaintiff and defendant are the only two officers and share-holders of defendant LSA, and each party exclusively manages different aspects of the company's affairs. While defendant is the sole director, an injunction has maintained the status quo with respect to all personnel decisions, eliminating any ability defendant might ordinarily have to break the deadlock in the management of the corporation's affairs.

With respect to the third prong of N.C. Gen. Stat. § 55-14-30(2)(i), both plaintiff's complaint and defendant's verified answer and counterclaims state that judicial dissolution and liquidation of LSA is reasonably necessary for the protection of their respective rights and interests. Both further state that judicial dissolution and liquidation of LSA is the only method, which will adequately protect those rights and interests. As neither party has effectively withdrawn, amended, or otherwise altered these pleadings, these statements constitute judicial admissions that are binding on both parties. *Davis,* 261 N.C. at 686, 136 S.E.2d at 34. Plaintiff may not defeat summary judgment by presenting subsequent sworn testimony which contradicts the prior judicial admissions in his pleadings. *Rollins,* 55 N.C. App. at 162, 284 S.E.2d at 700. Therefore, judicial dissolution is the only method that will protect the respective interests of the parties, and it follows that the affairs of the corporation can no longer be conducted to the parties' mutual advantage. *Id.* The third requirement for judicial dissolution under N.C. Gen. Stat. § 55-14-30(2)(i) has been met. The trial court did not err in granting defendant's motion for summary judgment.

This argument is without merit.

## V. Appointment of Receiver to Liquidate LSA

[3] Finally, plaintiff argues that the trial court abused its discretion in appointing a receiver to wind up and/or liquidate LSA. We disagree.

## A. Standard of Review

Our review has produced no case law or statutory authority that supports plaintiff's contention that a *de novo* standard of review

should apply in this case. When properly on appeal, orders concerning the appointment of a receiver are reviewed under an abuse of discretion standard. *Barnes v. Kochhar*, 178 N.C. App. 489, 496, 633 S.E.2d 474, 478-89, *disc. review denied*, 360 N.C. 644, 638 S.E.2d 462, and *disc. review dismissed*, 360 N.C. 644, 638 S.E.2d 461 (2006).

"Abuse of discretion" has been defined by our Supreme Court as a showing that a trial court's actions were "manifestly unsupported by reason." *State v. T.D.R.*, 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998) (citing *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 832 (1985)). A trial court's discretionary ruling will only be upset on a showing that it was so arbitrary that it could not have been the result of a reasoned decision. *Id.*

### B.  Appointment of Receiver

Because there was no genuine issue of material fact regarding whether dissolution of LSA was reasonably necessary for the protection of the rights and interests of the parties, the trial court's appointment of a receiver to "wind up and/or liquidate" defendant LSA was not "manifestly unsupported by reason." *T.D.R.*, 347 N.C. at 503, 495 S.E.2d at 708.

This argument is without merit.

AFFIRMED

Judges BRYANT and BEASLEY concur.