An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-598

NORTH CAROLINA COURT OF APPEALS

Filed:  7 January 2014

JEFFREYS LEASING COMPANY,
    Plaintiff

v.

SHAMSUDDIN N. GILLANI,
    Defendant

Wayne County
No. 11 CVS 2501

Appeal by defendant from order entered 14 December 2012 by Judge J. Carlton Cole in Wayne County Superior Court.  Heard in the Court of Appeals 9 October 2013.

> *Ward and Smith, P.A., by Tyler J. Russell and E. Bradley Evans, for plaintiff-appellee.*
>
> *David R. Payne, P.A., by David R. Payne, for defendant-appellant.*

CALABRIA, Judge.

Shamsuddin N. Gillani ("defendant") appeals from the trial court's order granting summary judgment in favor of Jeffreys Leasing Company ("plaintiff").  We affirm.

## I. Background

On 20 April 2009, plaintiff entered into a lease agreement with Sapna Hotel Group of Peachtree City, LLC, d/b/a Hampton Inn

Peachtree City ("Sapna Peachtree") whereby Sapna Peachtree would lease an elevator from plaintiff for five years ("the 2009 lease agreement"). The elevator was to be used in Sapna Peachtree's hotel in Georgia. Defendant, who was the member-manager of Sapna Peachtree, executed a personal guaranty whereby he unconditionally promised to repay defendant all monies owed to plaintiff in the event of a default by Sapna Peachtree.

In 2010, Sapna Peachtree's hotel went into foreclosure and was subsequently foreclosed upon. Thereafter, it defaulted upon and breached the 2009 lease agreement by failing to make its payments under the lease. After Sapna Peachtree's default, plaintiff accelerated all monthly payments pursuant to the terms of the 2009 lease agreement. When Sapna Peachtree failed to cure its default, plaintiff made a demand upon defendant for the balance of the unpaid lease. Defendant refused to pay.

On 28 November 2011, plaintiff initiated an action against defendant in Wayne County Superior Court. Plaintiff's complaint alleged that defendant was liable under the guaranty agreement for $131,968.49. On 6 February 2012, defendant filed an answer in which he admitted that Sapna Peachtree executed the 2009 lease agreement and that he executed a personal guaranty for that agreement. On 6 August 2012, the trial court allowed

defense counsel to withdraw from the case because defendant had retained new counsel.

On 7 August 2012, plaintiff filed a motion for summary judgment. The trial court granted plaintiff's motion on 26 November 2012. Defendant appeals.

## II. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008)(quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). "[O]nce the moving party presents an adequately supported [summary judgment] motion, the opposing party must come forward with specific facts (not mere allegations or speculation) that controvert the facts set forth in the movant's evidentiary forecast." *Johnson v. Scott*, 137 N.C. App. 534, 537, 528 S.E.2d 402, 404 (2000)(citation omitted).

## III. Consideration

Defendant argues that the trial court erred in granting summary judgment because there were genuine issues of material

fact as to whether the contract and guaranty were valid. We disagree.

Initially, we note that defendant identifies three issues that he argues precluded summary judgment: (1) that Sapna Peachtree lacked capacity to enter into the 2009 lease agreement; (2) that the 2009 lease agreement and guaranty were not supported by consideration; and (3) that plaintiff failed to adequately establish his damages. However, at the summary judgment hearing, defendant relied solely on the consideration argument. As a result, the only issue we will address on appeal is whether both the 2009 lease agreement and the guaranty lacked consideration. *See* N.C.R. App. P. 10(a)(1) (2013)("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make. . . ."); *Piraino Bros., LLC v. Atl. Fin. Grp., Inc.*, 211 N.C. App. 343, 348, 712 S.E.2d 328, 332 (2011)("[W]here a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." (internal quotations and citation omitted)).

"[I]n order for a contract to be enforceable it must be supported by consideration. Consideration sufficient enough to support a contract consists of any benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee." *Fairfield Harbour Prop. Owners Ass'n, Inc. v. Midsouth Golf, LLC*, ___ N.C. App. ___, ___, 715 S.E.2d 273, 282 (2011)(internal quotations and citations omitted). In the instant case, defendant contends that there were genuine issues of material fact regarding whether both the 2009 lease agreement and the guaranty were supported by consideration. In making this argument, defendant relies upon two affidavits which were filed in opposition to plaintiff's summary judgment motion, one from him personally and the other from his employee, Layton Parker. Both affidavits aver that the 2009 lease agreement between plaintiff and Sapna Peachtree was actually entered into by defendant on behalf of "Sapna Hotel Group Asheville, LLC," a legally distinct entity from Sapna Peachtree.[1] The affidavits further aver that Sapna Peachtree did not actually execute the 2009 lease agreement until 21 June 2010, when it no longer owned the property on which plaintiff's elevator had been installed. Since it did not own the hotel at

---

[1] Defendant is also the member-manager of Sapna Hotel Group Asheville, LLC.

the time the lease agreement was purportedly actually executed, defendant contends Sapna Peachtree derived no benefit from the lease that could provide consideration for the 2009 lease agreement. According to defendant's argument, this lack of consideration would invalidate both the lease and defendant's underlying guaranty.

However, prior to presenting these affidavits to the trial court at the summary judgment hearing, defendant had already admitted the following allegations from plaintiff's complaint:

> (3) That plaintiff leased certain equipment to Sapna Hotel Group Peachtree City, LLC d/b/a Hampton Inn Peachtree City, pursuant to that a (sic) certain Lease Agreement dated April 20, 2009, a copy of which is attached hereto as Exhibit A and incorporated herein by reference.
>
> (4) As part of said Lease Agreement, the defendant personally guaranteed to the plaintiff the payment of all amounts due under said Lease Agreement as evidenced by that certain Equipment Lease Guaranty, a copy of which is attached hereto as Exhibit B and incorporated herein by reference.

It is well established that "[a] party is bound by his pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader. He cannot subsequently take a position contradictory to his pleadings." *Davis v. Rigsby*, 261

N.C. 684, 686, 136 S.E.2d 33, 34 (1964). Thus, "[a] non-moving party may not defeat summary judgment by presenting subsequent sworn testimony, which contradicts the prior judicial admissions of his pleadings." *Bradley v. Bradley*, 206 N.C. App. 249, 256, 697 S.E.2d 422, 427 (2010). A party may admit to the contents of documents which are incorporated by reference in a pleading. *See Rollins v. Miller Roofing Co.*, 55 N.C. App. 158, 161, 284 S.E.2d 697, 700 (1981).

In the instant case, defendant's admissions conclusively establish that Sapna Peachtree entered into a "Lease Agreement dated April 20, 2009" and that defendant executed an "Equipment Lease Guaranty" with respect to that lease. According to these documents, which were also admitted by defendant, Sapna Peachtree received and accepted the elevator from plaintiff, which established consideration for the lease. Furthermore, defendant was required to execute the guaranty because plaintiff was "unwilling to enter into the Lease without the Guaranty," and this requirement established consideration for the guaranty. Since defendant admitted these documents, he cannot rely on affidavits which contradict the documents to dispute the existence of consideration. *Bradley*, 206 N.C. App. at 256, 697 S.E.2d at 427. Thus, there is no genuine issue of material fact

as to whether both the 2009 lease agreement and the guaranty were supported by consideration. This argument is overruled.

## IV. Conclusion

Defendant's admissions conclusively established that both the lease agreement and guaranty were supported by consideration. Thus, there were no genuine issues of material fact with regards to plaintiff's claim and the trial court properly granted summary judgment in favor of plaintiff. The trial court's order is affirmed.

Affirmed.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).