In re Se. Eye Ctr. (Pending Matters); In re Se. Eye Ctr. (Judgments), 2017 NCBC 77.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| WAKE COUNTY | 15 CVS 1648 |

IN RE SOUTHEASTERN EYE
CENTER-PENDING MATTERS

**ORDER AND OPINION ON
HARRIS'S MOTION TO
SET ASIDE AND/OR STRIKE
(ALL MATTERS)**

GUILFORD COUNTY

12 CVS 11322

IN RE SOUTHEASTERN EYE
CENTER-JUDGMENTS

1.     **THIS MATTER** is before the Court upon the Motion of Douglas S. Harris, acting individually and in his capacity as Trustee of JDPW Trust, "to Set Aside and/or Motion to Strike the Receiver's Notice of Withdrawal of All Claims Asserted by JDPW Trust without Prejudice and Objection to and Demand for Jury Trial to the De Facto Denial of the Claim of the JDPW Trust Styled as 'Notice of Withdrawal of JDPW Trust Claim Without Prejudice'" (the "Motion") in the above-captioned cases. (Pending Matters ECF No. 953; Judgments ECF No. 459.)

2.     Having considered the Motion, the parties' briefs in support of and in opposition to the Motion, and the appropriate evidence of record, the Court, as set forth below, hereby **GRANTS** Harris's Motion under Rule 60 of the North Carolina Rules of Civil Procedure, **SETS ASIDE** the Notice of Withdrawal of JDPW Trust Claim without prejudice, and makes the following **FINDINGS OF FACT** and **CONCLUSIONS OF LAW**.

*Oak City Law LLP, by Robert E. Fields, III, for Receiver Gerald A. Jeutter, Jr., as Receiver for the JDPW Trust.*

*Douglas S. Harris, individually and as Trustee of the JDPW Trust, for the JDPW Trust.*

Bledsoe, Judge.

## I.

## LEGAL STANDARD

3.      Resolution of "[a] motion under Rule 60(b) is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed without a showing that the court abused its discretion." *Harris v. Harris,* 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983) (citing *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532 (1975)).  Moreover, "[i]t is the duty of the judge presiding at a Rule 60(b) hearing to make findings of fact and to determine from such facts whether the movant is entitled to relief from a final judgment or order." *Hoglen v. James*, 38 N.C. App. 728, 731, 248 S.E.2d 901, 903 (1978).  "The burden of proving grounds for relief is on the moving party." *Deutsche Bank Trust Co. Ams. v. Tradewinds Airlines, Inc.*, 2009 NCBC LEXIS 6, at *13 (N.C. Super. Ct. Apr. 29, 2009) (citations omitted).

## II.

## FINDINGS OF FACT

4.      On June 22, 2015, the Court issued a case management order in this consolidated proceeding requiring all persons asserting claims against Central Carolina Surgical Eye Associates, P.A.; Southeastern Cataract Laser Center, PLLC; HUTA Leasing, LLC; Southeastern Eye Management, Inc.; and EMS Partners, LLC

to file their claims against any of those entities with the appointed receiver for those entities, Gerald A. Jeutter, Jr. (the "Receiver" or "Jeutter"), by October 31, 2015. Douglas S. Harris ("Harris"), acting as trustee of the JDPW Trust U/T/A Dated June 8, 2007 ("JDPW Trust"), timely filed a claim as permitted under the case management order. (Harris's Br. Supp. Mot., Pending Matters ECF No. 954 at 1; Judgments ECF No. 460 at 1.)

5. On April 28, 2016, the Court entered its Order Approving Nivison Settlement and Related Transactions Including Release of CEA Sale Proceeds, (Pending Matters ECF No. 471; Judgments ECF No. 142), and Order Approving Plaintiffs' Motion for Appointment of Receiver for JDPW Trust, (Pending Matters ECF No. 472; Judgments ECF No. 143) (the "April 28 Orders"). The Order Approving Plaintiffs' Motion for Appointment of Receiver for JDPW Trust placed the JDPW Trust into receivership and appointed Jeutter as the receiver for the Trust. (Pending Matters ECF No. 472 at 7; Judgments ECF No. 143 at 7.)

6. On May 6, 2016, Harris and Mark McDaniel ("McDaniel") filed separate notices of appeal of the April 28 Orders. (Pending Matters ECF Nos. 493, 494, 495, 496; Judgments ECF Nos. 155, 156.) On May 27, 2016, the Castle McCulloch Defendants also filed a notice of appeal of the April 28 Orders (the appeals by Harris, McDaniel, and the Castle McCulloch Defendants, collectively, the "Appeals"). (Pending Matters ECF No. 543; Judgments ECF No. 194, 195.) The Appeals challenge, among other things, whether this Court had jurisdiction and authority to appoint a receiver for the JDPW Trust and whether Jeutter is precluded from serving

as the receiver for the JDPW Trust.  (Pending Matters ECF Nos. 493 at 2, 543 at 2; Judgments ECF No. 156 at 2, 194 at 2.)

7.     On June 3, 2016, the Court entered an order requesting that the parties address which matters, if any, then pending in these cases were affected by the Appeals and thus could not properly be considered during the pendency of the Appeals under applicable law.  (Pending Matters ECF No. 553; Judgments ECF No. 197.)  On June 22, 2016, Harris, in his individual capacity and as trustee of the JDPW Trust, moved for a stay of the entire litigation pending resolution of the Appeals. (Pending Matters ECF No. 579; Judgments ECF No. 214.)

8.     On August 11, 2016, the Court declined to stay the entire litigation pending appeal because the Court concluded that most of the pending matters before the Court were not matters affected by the Appealed Orders.  (Order on Harris's Mot. Stay Pending Appeal, Pending Matters ECF No. 659 at 6; Judgments ECF No. 267 at 6.)  The Court stayed consideration of two pending matters and concluded that it would decide whether future motions and matters are subject to the automatic stay of N.C. Gen. Stat. § 1-294 on a case-by-case basis.  (Pending Matters ECF No. 659 at 6; Judgments ECF No. 267 at 6.)

9.     On July 10, 2017, Jeutter, acting as the receiver for the JDPW Trust, filed a Notice of Withdrawal of JDPW Claim without Prejudice (the "Withdrawal"). (Pending Matters ECF No. 950; Judgments ECF No. 456.)  The Withdrawal stated the following:

> Now comes Gerald A. Jeutter, Jr., by and through counsel, as Receiver
> for JDPW Trust ("JDPW") and gives Notice of his Withdrawal of all

claims asserted by JDPW in these consolidated proceedings without prejudice to his ability to allow or disallow credits for such claim or claims in adjusting rights and interests as between the entities currently in Receivership.

(Pending Matters ECF No. 950 at 1; Judgments ECF No. 456 at 1.)

10. Harris filed this Motion on July 20, 2017. (Pending Matters ECF No. 953; Judgments ECF No. 459.) Jeutter, acting as the receiver for the JDPW Trust, filed his response on August 10, 2017. (Pending Matters ECF No. 960; Judgments ECF No. 465.) Harris did not file a reply. The Motion is now ripe for resolution.[1]

III.

CONCLUSIONS OF LAW

11. Harris moves pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure for an order setting aside the Withdrawal, or in the alternative, to strike the Withdrawal as a violation of the automatic stay under N.C. Gen. Stat. § 1-294 because the Appeals concern Jeutter's appointment as the receiver for the JDPW Trust. (Pending Matters ECF Nos. 953 at 1, 954 at 1; Judgments ECF Nos. 459 at 1, 460 at 1.) In the alternative, Harris moves for an order declaring that the Receiver's Withdrawal constitutes a disallowance of the JDPW Trust claim under N.C. Gen. Stat. § 1-507.6 and that the Motion constitutes Harris's timely exception and request for jury trial under N.C. Gen. Stat. § 1-507.7. (Pending Matters ECF No. 953 at 1–2, ECF No. 954 at 2–3, 10; Judgments ECF No. 459 at 1–2, ECF No. 460 at 2–3, 10.)

---

[1] Pursuant to Rule 7.4 of the General Rules of Practice and Procedure for the North Carolina Business Court, the Court decides this Motion without a hearing.

A. <u>Rule 60(b) of the North Carolina Rules of Civil Procedure</u>

12.    Rule 60(b) provides, in relevant part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for one of the following reasons:
> . . . .
> (6) Any other reason justifying relief from the operation of the judgment.

N.C. R. Civ. P. 60(b)(6).

13.    A voluntary dismissal is a "proceeding" from which relief may be ordered under Rule 60(b).  *Bradley v. Bradley*, 206 N.C. App. 249, 254, 697 S.E.2d 422, 426 (2010).  Thus, the Receiver's Withdrawal of the JDPW Trust claim, which is effectively a voluntary dismissal of that claim, is a proceeding from which this Court may order relief under Rule 60(b).

14.    Here, one of the appealed April 28 Orders appointed Jeutter as the receiver for the JDPW Trust.  (Pending Matters ECF No. 472; Judgments ECF No. 143.)  That Order has been appealed on the ground that this Court did not have jurisdiction to appoint a receiver for the JDPW Trust and that Jeutter's appointment as the JDPW Trust's receiver was inappropriate.  (Pending Matters ECF Nos. 493 at 2, 543 at 2; Judgments ECF No. 156 at 2, 194 at 2.)

15.    Under N.C. Gen. Stat. § 1-294, a perfected appeal generally "stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein," although "the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from."  As

an officer of the court, the Receiver is under the same limitations. *See, e.g., Lowder v. All Star Mills, Inc.*, 309 N.C. 695, 701, 309 S.E.2d 193, 198 (1983).

16. While the Court is not prepared to conclude that the Receiver's Withdrawal was in violation of section 1-294, the Court nevertheless is persuaded that, in the extraordinary circumstances presented here, justice demands that the Withdrawal be set aside to maintain the JDPW Trust claim in light of the pending Appeals. *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987) ("The rule empowers the court to set aside or modify a final judgment, order or proceeding whenever such action is necessary to do justice under the circumstances. The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that relief be granted." (citations omitted)).

17. Accordingly, the Court concludes that Harris's Motion should be granted pursuant to the authority afforded the Court under Rule 60(b)(6) and that the Receiver's Withdrawal should be set aside, without prejudice.[2]

IV.

CONCLUSION

18. **WHEREFORE**, the Court, in the exercise of its discretion, hereby **GRANTS** Harris's Motion and **SETS ASIDE** the Receiver's Notice of Withdrawal of JDPW Trust Claim, without prejudice.

---

[2] In light of the Court's ruling, the Court declines to consider Harris's alternative request for relief.

**SO ORDERED**, this the 31st day of August, 2017.

                                        /s/ Louis A. Bledsoe, III
                                        Louis A. Bledsoe, III
                                        Special Superior Court Judge
                                          for Complex Business Cases